## S. G. CASH ET AL.
### V.
## THE PEOPLE, FOR USE OF, ETC.

*Principal and Surety—Constables—Action on Bond—Illegal Acts of Principal—Liability of Surety.*

The sureties on the official bond of a constable are liable for illegal acts on his part while engaged in making an arrest.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Coles County; the Hon. J. F. HUGHES, Judge, presiding.

Mr. F. K. DUNN, for appellants.

The declaration does not state a cause of action entitling plaintiff to recover against the constable and his sureties on his official bond. The assault is charged to have been unnecessary and wilful and not in the execution of process. Where a sheriff or constable, having a writ directing him to take the property of one person, takes the property of another, it has been decided that such a seizure was not a breach of the condition of a sheriff's official bond and did not make his sureties liable. State v. Conover, 4 Dutch. 224; State v. Long, 8 Ired. L. 415 ; State v. Brown, 11 Ired. L. 141; Gerber v. Ackley, 32 Wis. 233.

In the Appellate Court of the second district it has been held otherwise on the weight of authority, and the Appellate

Court of the first district, while not deciding the question, inclined to that view, and the Supreme Court of the United States held that the preponderance of authority was in favor of the liability of the sureties. Horan v. The People, 10 Ill. App. 21; Walsh v. The People, 6 Ill. App. 204; Lammon v. Feusier, 111 U. S. 17.

But those decisions were all made in cases where the officer actually had process in his hands, by virtue of which, acting in his ministerial capacity, he claimed to do the acts complained of. But in this case it is not charged that the officer had any writ, but simply that, having arrested Gwinn, whether with or without authority is not alleged, upon a charge of violating a village ordinance, he wilfully assaulted him. The case is like Walsh v. The People, 6 Ill. App. 204, and, so far as appears, the act was a mere private trespass, for which his sureties on his official bond can not be held liable. See Commonwealth v. Cole, 7 B. Mon. 250; Turner v. Collier, 4 Heisk. 89; South v. Maryland, 59 U. S. 396.

Messrs. CRAIG & CRAIG, for appellees.

CONGER, J. This was an action of debt brought upon the bond of appellant, Cash, who was village constable of the village of Oakland. The declaration alleged that Cash, as such village constable, arrested appellee Gwinn for violating one of the village ordinances, and that, instead of taking him to the place of trial, unnecessarily, brutally and wilfully assaulted and beat him.

The pleas were, first, non est factum; second, denying the assault; third, alleges that at the time when, etc., the said William F. Gwinn was found intoxicated in the public square of the village of Oakland, disturbing the peace of the public and the peace and quiet of the neighborhood by loud and unusual noises and tumultuous and offensive carriage, and the defendant Cash, who then and there had view of said offense, then gently laid hands on said Gwinn and took him into custody, using only necessary force to take and detain him, and doing no unnecessary damage, and because it was late at night

and an unreasonable hour to carry the said Gwinn before a magistrate, said Cash necessarily imprisoned him in the village prison for a time, using only necessary force and doing no unnecessary damage, which are the same trespasses complained of. Appellee recovered a verdict and judgment for $275.

The first objection of appellant is that the declaration does not state a cause of action, entitling appellee to recover from the sureties upon the official bond of appellant, for the reason, as stated by counsel, that "the assault is charged to have been unnecessary and wilful, and not in the execution of process." We do not think the objection is well taken because appellant was performing an official act in making the arrest, and if in so doing he acts illegally and wrongfully his sureties are liable. Besides, the third plea expressly sets up the arrest and that no more force was used than necessary, and this seemed to have been the real question at issue before the jury. This being a question of fact, we are inclined to think the jury were warranted by the evidence in finding that appellant did unnecessarily, brutally and wilfully assault and beat appellee.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*