## Louis Greenberg, et al. v. The People of the State of Illinois, for the use of Augusta Balaban.

### Gen. No. 12,304.

1. VARIANCE—*what not.* Where the declaration in an action upon a constable's bond avers that the defendant "had been duly elected as a constable of the county of Cook" and the bond recites that he "had been duly elected a constable in and for the town of North Chicago in the county of Cook," there is no variance.

2. TRANSCRIPT—*when competent, notwithstanding not sealed by justice.* A transcript of a justice of the peace which is not under seal is competent where such justice appears and testifies that the same was a transcript of his docket and bears his signature.

3. ASSIGNMENT OF ERRORS—*effect of joint.* The assignments of error are regarded as a declaration, each assignment as a count of the declaration, and a joint assignment must set forth error available to all who join in it; if not good as to all it is not good as to any.

4. ASSIGNMENT OF ERRORS—*when joint, available to any defendant.* Where a judgment appealed from is joint and if reversed as to one defendant must be reversed as to all, all of the defendants may, upon a joint appeal and joint assignment of error, take advantage of any error committed against any one of the defendants on the trial.

5. CONSTABLE'S BOND—*when recovery may be had upon.* Recovery may be had upon a constable's bond where he is guilty of official misconduct connected with the levy of an execution, even though the act in question was malicious.

Greenberg v. The People.

Action of debt. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed March 23, 1906. Rehearing denied March 30, 1906.

**Statement by the Court.** This is an appeal by the defendants from a judgment for $10,000 debt and $800 damages recovered upon a constable's bond.

The husband of Augusta Balaban had a retail grocery store in Chicago and his wife assisted him in the store. A judgment was recovered against him before a justice of the peace and an execution issued thereon and placed in the hands of Constable Greenberg. Greenberg went to the store to make a levy under the execution. He produced and laid upon the counter a paper which he said was a copy of the execution upon which was endorsed the amount of the judgment, $3.90, and certain items of costs making the amount of judgment and costs $10.70. He took certain goods from the shelves and placed them in barrels and boxes. The judgment debtor then attempted to make a schedule and his wife went to a box in which Greenberg had placed a part of the goods taken by him from the shelves. She leaned over the box to see what was in it and Greenberg pushed her away. She stooped down again and he picked up the box, and in doing so the box struck her on the abdomen. She was then far advanced in pregnancy and three days later gave birth to a still born child. The sum of $9.40 was then paid to Greenberg and he endorsed upon the copy of the execution the following receipt: "Received the sum of $9.40 in full settlement of the within judgment and costs. Levy released.

"Louis Greenberg, Constable."

The declaration is in the usual form of a declaration in debt upon an official bond. In the assignment of a breach of the condition of the bond, the facts above stated are set out in much detail and it is then averred that while Augusta Balaban "was in the act of assisting said Balaban, her husband, or his agent in that behalf, to prepare said schedule

to be given to said Louis Greenberg, as aforesaid, he, the said Greenberg, as a constable, then and there, acting under said writ of execution and by color of his office of constable as aforesaid, attempted to prevent the said Balaban or his agent in that behalf from making up said schedule, and in so attempting to prevent and while interfering with and preventing said Augusta Balaban from counting the articles and items of property levied upon, as aforesaid, by said Greenberg, he, the said Greenberg, wilfully and maliciously assaulted said Augusta Balaban and wilfully and maliciously committed a battery upon her, and then and there wilfully and maliciously struck her violently in the abdomen with a large box containing merchandise, and otherwise brutally beat and maltreated her."

The plea of all the defendants *inter alia,* denies that said Greenberg, while acting under the writ of execution and by color of his office as constable, committed the assault and battery upon said Augusta Balaban as charged in the plaintiff's declaration.

he defendants offered no evidence at the trial.

EDWARD K. MORRIS, for appellants.

WHEELER, SILBER & ISAACS, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The objection that the trial court erred in admitting the bond in evidence because the declaration averred that the recital in the bond was that Greenberg "had been duly elected as a constable of the county of Cook," while the recital in the bond is that he "had been duly elected a constable in and for the town of North Chicago in the county of Cook," is without merit. A constable, though elected by the voters of a town, is a constable of the county in which said town is. His certificate of election is issued by the county clerk; in case of a vacancy in the office, if the unexpired term is less than a year, the county board fills the vacancy; the writs issued by a justice of the peace run "to any constable of

said county." There is no substantial variance between the averment of the declaration and the recital of the bond.

The transcript of the judgment admitted in evidence over the objection of the defendants, was under the hand, but not under the seal of the justice. The justice of the peace was called as a witness and testified that the transcript offered was a transcript of his docket and signed by him, and we think it was properly admitted in evidence. Nor do we think that the court erred in admitting in evidence the paper purporting to be a copy of the execution under which Greenberg was acting. It was the copy which Greenberg gave to the judgment debtor and to which he attached his receipt and release of levy. The transcript of the judgment states that an execution was issued upon the judgment to Constable Greenberg. There is no evidence that the execution was ever returned and the defendants were notified to produce it upon the trial.

It is argued in behalf of appellee that the constable was certainly liable upon his own bond, that the sureties, in order to bring before this court the question of their liability on the bond, should have severed from the constable in their assignments of error, and having joined with him therein they cannot have the benefit of any error so assigned that is not equally good as to him.

The assignments of errors are regarded as a declaration; each assignment as a count of the declaration and a joint assignment must set forth error available to all who join in it. If not good as to all it is not good as to any. But this rule has no application to the facts of this case. If, under any possible state of facts, the constable could be held liable, on his bond, for an act, and the sureties not held liable for that act, in this case the defendants were sued jointly and the plaintiff must recover against all of the defendants or none. The judgment is a joint judgment and if erroneous as to one or more of the appellants must be reversed as to all. The right of each defendant in the case was affected by any error committed upon the trial, and all of the defendants may, upon a joint appeal and joint assignment of error, take advantage of any error committed

against any one of the defendants upon the trial. "The assignment of errors should be considered as joint and several, or joint or several, according to the nature of the error assigned and as affecting the respective plaintiffs in error." Fisher v. Thirkell, 21 Mich., 1–24; Greenman v. Harvey, 53 Ill., 386.

The allegation of the declaration is, that the act which caused the injury to Augusta Balaban was done wilfully and maliciously by the constable, "acting under said execution and by color of his office as constable." The statute in force at the time the bond was executed provides that a constable's bond "shall be made payable to the people of the State of Illinois, and shall be held for the security and benefit of all suitors and others who may be injured by the official acts or misconduct of the constable." The authorities upon the question whether there is a right of action on the bond of a constable or other ministerial officer for damages resulting from a malicious act committed by him while acting under the color of his office in the performance of an official act are conflicting. We shall not enter upon an examination of these authorities, but content ourselves with stating our conclusion, that upon the facts disclosed in this record, the constable was in the performance of an official act, the act of making a levy under an execution in his hands upon the goods of the judgment debtor, when he injured Augusta Balaban; that the wrongful act which caused the injury was directly connected with the levy of the execution and therefore such act must be regarded as official misconduct on the part of the constable, and that for the damages resulting from such act there is a right of action upon his official bond. This conclusion is supported by the following cases: Cash v. The People, 32 Ill. App., 250; Turner v. Sisson, 137 Mass., 191; Huffman v. Koppelkom, 8 Neb., 344; State v. Beckner, 132 Ind., 371; Risher v. Mehan, 11 Ohio Circuit Ct. Rep., 403, and cases there cited.

The damages awarded cannot under the evidence be held excessive.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*