(No. 13315.—Decree affirmed.)

THE HUMP HAIRPIN MANUFACTURING COMPANY, Appellant, *vs.* LOUIS L. EMMERSON, Secretary of State, Appellee.

*Opinion filed June 16, 1920.*

1. CORPORATIONS—*when whole of capital stock of foreign corporation is represented by property located and business transacted in Illinois.* Where a foreign corporation has all of its tangible property in Illinois, manufactures its products, accepts orders and completes all of its contracts of sale in this State, the whole of the capital stock is represented by the property located and the business transacted in Illinois, although a large per cent of its commodities is shipped to wholesalers and jobbers in other States.

2. SAME—*when license fee based on entire capital stock of foreign corporation is not a tax on interstate commerce.* Where the entire capital stock of a foreign corporation is represented by business transacted and property located in Illinois, a license fee under section 5b of the Foreign Corporation act, based on the entire capital stock of the corporation, is not a tax on interstate commerce, where the corporation is not doing business in any other State in such a way as to make it amenable to a corporation act of such foreign State. (*American Can Co.* v. *Emmerson,* 288 Ill. 289, followed.)

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

ALLEN & CONVERSE, for appellant.

EDWARD J. BRUNDAGE, Attorney General, (CLARENCE N. BOORD, and JAMES W. GULLETT, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant, a foreign corporation, filed a bill in the circuit court of Sangamon county to restrain the Secretary of State of Illinois from revoking its license to do business in this State. The chancellor heard the cause on the bill, answer, replication and stipulation of facts and entered a decree dismissing the bill for want of equity.

Appellant was organized in 1914 under the laws of West Virginia with an authorized capital stock of $6,000,000, of which amount $5,500,000 had been issued at the time interrogatories were propounded to it by the appellee, Secretary of State, under section 5b of the Foreign Corporation act. It was licensed by the Secretary of State to do business in this State on November 17, 1914, and at that time paid a license fee of $70 and has since transacted business in the State of Illinois. It manufactures its products in the city of Chicago, where it employs a large number of employees, and in addition thereto maintains a force of traveling salesmen, who travel in the various States soliciting orders from wholesalers and jobbers. These orders are mailed to appellant at its offices in Chicago, and upon acceptance its products are shipped by express, freight or mail from Chicago to the purchasers in the States from which the orders are received. In answer to interrogatories submitted by the Secretary of State, appellant stated that its total annual business for the year 1917 was $260,334.96, all of which was transacted through its office in Chicago; that the amount of sales made to residents of Illinois in said year was $25,814. It is stipulated that up to the time of filing the bill of complaint the appellant did not have or maintain any other factory or manufacturing establishment or maintain any other office or place for the transaction of said business, and that all orders for its products were received, accepted at and filled from its office, factory and store-room in the city of Chicago.

It is contended by the appellant that in determining the amount of license fee to be paid by it under the Foreign Corporation act, all, or 100 per cent, of its tangible property (all being located in Illinois) should be averaged with 9.9 per cent of its total business, for the reason that only that part of its total business is transacted in this State, thereby making the fee payable on 54.95 per cent of the capital stock represented in Illinois, or $3,297,000 of capital stock, and amounting to a fee of $3342, less the credit of $70 previously paid. It is also urged that a fee based on a greater amount of capital stock would burden interstate commerce, which a State has no power to do. It is contended by the appellee that the total business transacted by the appellant is transacted in Illinois within the terms of the act in question, and that as all its tangible property is located in this State it should pay a fee on its authorized capital stock of $6,000,000, or $6045, less $70 previously paid in 1914, leaving a balance due of $5975.

This case arises under the same section of the Foreign Corporation act as was under consideration in *American Can Co.* v. *Emmerson,* 288 Ill. 289, and as to all questions arising here which were there treated that case is controlling and those questions need not be further discussed. The distinction between that case and the instant case is, that the license fee in the former case was fixed on a basis of less than the entire capital stock, it being there shown that the appellant was engaged in the transaction of business in other States aside from Illinois, while in the instant case the fee required by appellee is computed on the entire capital stock of the appellant, on the ground that all its tangible property is located and all its capital stock is represented by its business transacted in this State.

Section 5*b* of the Foreign Corporation act, under which corporation fees are assessed, is as follows: "It shall be the duty of the Secretary of State to propound interroga-

tories from time to time to officers of such foreign corporations doing business in this State to ascertain the proportion of capital stock actually being represented by property located and business transacted in the State of Illinois, which proportion shall be determined by averaging the percentage of the total business of the corporation transacted in Illinois with the percentage of the total tangible property located in this State. If no tangible property is used in the business of the corporation, the proportion of capital stock represented shall be determined with reference only to the percentage of the total business of the corporation transacted in Illinois. In the event that the foreign corporation making application for license has capital stock of no par value, its shares for the purpose of fixing the license fee shall be considered to be of the par value of one hundred dollars ($100) per share." (Hurd's Stat. 1917, p. 719.)

In *American Can Co.* v. *Emmerson, supra,* it was held that while the State has no right to burden interstate commerce by taxing it, yet the State is authorized to levy a license fee within its authority, measured by the capital stock, though a part of such capital stock may be represented in the conduct of interstate commerce, where the circumstances are such as to indicate no purpose or necessary effect in the tax imposed to burden commerce of that character. That is likewise the rule adopted by the United States Supreme Court in *Kansas City* v. *Stiles,* 242 U. S. 111, *Northwestern Mutual Ins. Co.* v. *Wisconsin,* 247 id. 132, and *United States Glue Co.* v. *Oak Creek,* 247 id. 321. The question arising here is whether or not all of the capital stock of appellant is represented by property located in this State and by business transacted in this State. If the property located and the business transacted in Illinois represent its entire capital stock, then appellant is required to pay a fee computed on its entire capital stock. If, on the other hand, when the percentage of the total business of the corporation transacted in Illinois is averaged

with the total tangible property located in this State it is found that not all of the capital stock is being so represented, then only that portion which is so represented can be taken as a measure of the fee to be assessed in this case.

It being admitted that the entire tangible property of appellant is within the State, we come to a consideration, therefore, of the question whether or not all the capital stock of the corporation is represented by business transacted within this State within the meaning of this act. It is admitted that all of appellant's commodities are manufactured within Illinois and that its sole business is the manufacture and sale of said commodities. It is also admitted that its only place of business is within this State and that it maintains no office or place of business in any other State. It is also admitted that the sales of these commodities are conducted by traveling salesmen, who take the orders of customers and send such orders to the office of appellant within this State for acceptance; that they are there accepted and the goods shipped from the office and factory in Illinois. Under the general rule that a sale is made where the order is accepted and the goods shipped, it becomes evident that all of the sales of goods of appellant are made in Chicago. These sales are business transacted within this State, and though some of these transactions also take on an interstate character, yet all contain the element of sale which takes place within this State and represent business done within this State. The manufacture of appellant's products in this State, the accepting of the orders and the completion of the contracts for sale in this State constitute the transaction of business in Illinois within the meaning of the Foreign Corporation act. This being true, the whole of the capital stock is represented by property located and business transacted in this State.

But it is urged a larger portion of the business of appellant is interstate commerce, and that therefore to require this fee for the privilege of doing business in this State

would be to burden interstate commerce, and appellant contends that the *American Can Co. case* is not decisive of the question here, for the reason that in that case the fee was not based upon the entire capital stock, and that this case in that regard should be distinguished from that case. We do not think so. The principle to be applied is entirely the same. The rule laid down in the *American Can Co. case* applying to a computation based on a portion of the capital stock may by the same principle apply to a computation based on the entire capital stock, where the entire capital stock of the foreign corporation is represented by business transacted within this State. As was said in that case, the distinction between taxes which are and which are not a burden upon interstate commerce lies in the purpose or necessary effect of such tax. In *Maine* v. *Grand Trunk Railway Co.* 142 U. S. 217, the court sustained a tax which required every railroad operated within the State of Maine to pay an annual tax for the privilege of exercising its franchise therein, determined upon a proportion of gross transportation receipts, which in that case were shown to · be those of a railroad partly within and partly without the State, such gross receipts being derived from its entire business, State and interstate. The resort to the gross receipts, in the opinion of the court, was merely a means of ascertaining the business done by the corporation and thus measuring the tax, which was held to be within the power of the State. Such is likewise the holding in *United States Express Co.* v. *Minnesota,* 223 U. S. 335.

Appellant cites in support of its contention the case of *Crew Levick Co.* v. *Pennsylvania,* 245 U. S. 292, but as the opinion in that case says, "so obvious is the distinction between these taxes and those that were sustained in *Maine* v. *Grand Trunk Railway Co.* 142 U. S. 217, *United States Express Co.* v. *Minnesota,* 223 id. 335, * * * and some other cases of the same class, that no time need be spent upon it."

We are of the opinion that, applying the rule laid down in the *American Can Co. case,* the contention of the appellee must be sustained. So far as the representation of the capital of the appellant is concerned, all of it is represented by business done within the State of Illinois. All of its capital stock is represented in Illinois. Appellant is not doing business in any other State so as to make it amenable to a foreign corporation act of such State. (*International Text Book Co.* v. *Pigg,* 217 U. S. 91.) To permit appellant to avoid this license fee would not be according the same treatment to foreign and domestic corporations, as required by the Foreign Corporation act, but would be an unjust discrimination against a domestic corporation, which pays the fee on all of its capital stock even though it sends its manufactured goods out of the State in the same manner as does appellant, and in favor of the appellant corporation, by permitting it to pay a much smaller fee because it sends out of the State the larger per cent of its goods manufactured and sold in this State. In other words, under such holding, of two corporations, one domestic and the other foreign, with the same capital stock, doing the same amount of business each year, manufacturing all of their goods in this State, with all sales transactions taking place in this State, neither maintaining an office or place of business outside this State but each sending 90 per cent of its goods out of the State, the domestic corporation would be required to pay a fee based upon its entire capital stock, while in computing the fee of the foreign corporation but 10 per cent of its entire capital stock would be used as a basis. Such a holding is repulsive to the ordinary sense of fairness as well as contrary to the spirit of the act.

We are of the opinion that the chancellor did not err in dismissing appellant's bill for want of equity. The decree is therefore affirmed.       *Decree affirmed.*