(No. 14177.—Decree affirmed.)

FRANK P. HAWKINS, Appellee, *vs.* THE COUNTY OF LAKE *et al.* Appellants.

*Opinion filed June 21, 1922—Rehearing denied October 6, 1922.*

1. APPEALS AND ERRORS—*when assignments of errors must be several and not joint.* An assignment of errors is regarded as a declaration and each assignment as a count of a declaration, and where parties join in assigning errors the errors assigned must be good as to all appellants or they will not be good as to any, and if the errors complained of do not affect all the appellants the assignments of such errors must be several and not joint.

2. SAME—*when parties may join in assigning errors.* The rule that where parties separately appeal or bring error or complain of errors which do not affect all of them they cannot join in assigning errors does not apply where the judgment is a joint judgment or where an error is assigned that is sufficient to reverse the judgment as to one or as to all of the appellants, as where the court has no jurisdiction of the subject matter or where the judgment or decree cannot be sustained for want of necessary parties.

3. PLEADING—*the objection of multifariousness is waived if not raised by demurrer.* The objection of multifariousness or misjoinder must be raised by demurrer and if not so raised it is waived, and it is in the discretion of the court whether or not the objection will be considered when raised by answer.

4. TAXES—*equity may enjoin collection of taxes to avoid multiplicity of suits.* Equity may enjoin the collection of a tax which is unauthorized by law, as it would involve a multiplicity of suits to require the tax-payers to wait until sued by the taxing authorities before raising their objections.

5. SAME—*when a tender of taxes admitted to be due is sufficient.* Where tax-payers seek to enjoin the collection of a tax which they claim is in excess of the amount authorized by law and have tendered the amount admitted to be legal and collectible, it is immaterial that some of the tenders were not legal tenders because made by checks or otherwise, where the collector informed the tax-payers that under no circumstances would he accept less than the entire taxes assessed and that it would be of no use to make such tenders.

APPEAL from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

A. V. SMITH, GEORGE A. MASON, IRA J. GEER, and SAMUEL S. HOLMES, (HENRY E. MASON, and CYRUS H. ADAMS, JR., of counsel,) for appellants.

ERNEST S. GAIL, HENRY F. DICKINSON, and SCHU-MACHER & MURPHY, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Frank P. Hawkins, appellee, a tax-payer and resident of the city of Highland Park, on behalf of himself and all other tax-payers of said city who had not paid the taxes complained of by him, filed his bill in the circuit court of Lake county to enjoin Roy W. Bracher, county treasurer of said county, Lew A. Hendee, county clerk, the county of Lake, the North Shore Sanitary District, the township of Deerfield, the Deerfield-Shields High School District, School Districts Nos. 107 and 108, the Highland Park East Park District and the city of Highland Park from collecting or attempting to collect from the person or property of himself or any of the tax-payers and property owners of the city of Highland Park certain taxes alleged to be illegal, fraudulent and void, which had been levied and extended against the property of said tax-payers. Two days later a similar bill was filed by Gordon Buchanan, a tax-payer and resident of the city of Highland Park, on behalf of himself and all other tax-payers of said city, to restrain the same defendants from collecting or attempting to collect against the person or property of himself or any of the tax-payers and property owners of the city of Highland Park certain taxes also alleged to be illegal, fraudulent and void, which had been levied and extended against the property of said residents of the city. All of the defendants appeared in court and filed their separate demurrers to each of the bills of complaint. Both causes were consolidated. Hawkins amended his bill by leave of court and the demurrers were re-filed thereto. Temporary injunctions were issued May

303—40

23, 1921, in accordance with the prayers of the bills. On July 11, 1921, the court entered an order overruling all the demurrers to Buchanan's bill and also to the amended bill of Hawkins. Thereafter the county of Lake, Roy W. Bracher, county treasurer, Lew A. Hendee, county clerk, the Highland Park East Park District, the boards of education of school districts Nos. 107 and 108 and the city of Highland Park answered the bills. The North Shore Sanitary District and the township of Deerfield declined to further answer the bills and were defaulted and decrees *pro confesso* were entered by the court against them. The Deerfield-Shields High School District elected to stand by its demurrer, and the court entered a decree against it in accordance with the prayers of the bills. Upon a hearing before the court a decree was also entered on August 1, 1921, against the defendants answering the bills and in accordance with the prayers thereof. The Highland Park East Park District, the city of Highland Park, Roy W. Bracher, county treasurer, and the Deerfield-Shields High School District have appealed to this court from the decrees.

The county of Lake has less than 100,000 inhabitants. The illegal taxes complained of were assessed for the year 1920. The first illegal taxes complained of in the Hawkins bill were occasioned in the several defendant municipalities by the board of review raising the assessment of the assessor in the city of Highland Park thirty per cent in August, 1919, for the purpose of equalization. This tax was held illegal by this court in *People* v. *Vail,* 296 Ill. 61. The assessment raised by the board of review was the quadrennial assessment of 1919, and the board has never since taken any further action to increase the assessment of the assessor. The taxing authorities again extended the tax for 1920 on the illegal assessment so raised by the board of review. This illegal tax is the only tax complained of in the Buchanan bill, although it affects the same municipalities made parties defendant in the Hawkins bill. The

other illegal taxes complained of in the Hawkins bill are the following: (1) All illegal taxes in the defendant municipalities occasioned by the county clerk failing to scale the various taxes under the provisions of the Juul law,—the excess over two dollars on the $100, etc.; (2) taxes assessed in said municipalities to pay $47,000 interest and $50,000 principal on bonds purported to have been authorized by the board of supervisors of Lake county and which were not authorized by said board and which had never been issued; (3) ten cents on each $100 assessed in the North Shore Sanitary District, and void because levied on all lands and lots in the cities and villages but not on lands and lots outside of such cities and villages and lying within the sanitary district; (4) $1500 appropriated and levied by ordinance of the Highland Park East Park District said year for salaries of officers and employees, treasurer, secretary, attorney, engineer, clerks and other employees, including a police force, and without specifying the amount for officers or for employees or for any officer or employee.

The Deerfield-Shields High School District is affected herein only by the decree rendered as to the illegal tax occasioned by the thirty per cent horizontal increase by the board of review of 1919. It was the only defendant that stood by its demurrers. The decrees entered against the defendants and the various appellants are all several and not joint decrees. The errors assigned on this record are all assigned jointly by the four appellants, the Highland Park East Park District, the city of Highland Park, Roy W. Bracher, county treasurer, and the Deerfield-Shields High School District. The errors assigned and argued by appellants are: (1) The court erred in overruling the demurrers of all of the appellants; (2) in taking jurisdiction of the subject matter, as there was an adequate remedy at law; (3) in applying the scaling process under the Juul law to the tax levies of the Highland Park East Park District, the city of Highland Park and the county of Lake;

(4) in finding that the item in the tax levy ordinance of the Highland Park East Park District for salaries was null and void; and (5) in admitting evidence offered by appellee.

None of the appellants except the Deerfield-Shields High School District stood by their demurrers but answered the bill after their demurrers were overruled. They therefore waived all right to assign error in that particular, and only the high school district is interested in that question. The high school district is not interested in the question of alleged illegal taxes by reason of the failure of the county clerk to scale the taxes under the Juul law, as such scaling process did not apply to its taxes and was not held to so apply by the court. The high school district had no interest in the matters assigned in the fourth and fifth assignments of errors. We may further add that there is no merit in the claim of either the fourth or fifth assignment of errors, and that all the taxes complained of in the bills of complaint are illegal for the reasons specified.

Where several parties separately appeal or bring error or complain of errors which do not affect all of them or which affect them severally and not jointly, the rule is that their assignments of errors not only may but must be several and not joint. An assignment of errors is regarded as a declaration and each assignment as a count of a declaration, and a joint assignment must set forth error available to all who join in it. The rule is generally that if the assignments of errors are not good as to all they are not good as to any. This rule, however, does not apply where the judgment is a joint judgment and where an error is assigned that is sufficient to reverse the judgment as to one or as to all of the appellants. The same rule will apply as to any error assigned that is sufficient, if sustained, to reverse as to any one or all of the appellants. Familiar examples would be where the court has no jurisdiction of the subject matter or where the judgment or decree cannot be sustained for want of necessary parties. *Greenberg* v. *Peo-*

*ple,* 125 Ill. App. 626; *Greenman* v. *Harvey,* 53 Ill. 386;
3 Corpus Juris, 1352.

Under the general assignment of errors it is argued by
appellants that the bill of Hawkins was multifarious.   The
method of raising the objection of multifariousness or mis-
joinder which prevails in the greatest number of jurisdic-
tions is by demurrer, and the rule in this jurisdiction is,
that if the objection of multifariousness is not raised by
demurrer it is waived, and it is entirely in the discretion of
the court as to whether or not such an objection will be con-
sidered when raised by answer.   (*Risser* v. *Patton,* 232 Ill.
353;  *Labadie* v. *Hewitt,* 85 id. 341;  *Barnes* v. *American
Brake-Beam Co.* 238 id. 582.)   Only one of the appellants,
the high school district, properly raised this question by de-
murrer, and it lost its right to raise the question in this
court by joining in the assignment of errors with the other
appellants, who have no right to raise it.   This error will
therefore not be considered.

The only error assigned and argued and not waived is
the one that the court had no jurisdiction of the subject
matter because the complainant Hawkins had an adequate
remedy at law.   This suit was not prosecuted by Hawkins
as the sole complainant but also on behalf of all the other
tax-payers of the city of Highland Park.   The lower court
had jurisdiction of the subject matter upon the further equi-
table ground that the entertaining of the bill will avoid a
multiplicity of suits.   The tax-payers of said city have al-
ready prosecuted one lawsuit to evade the illegal taxes oc-
casioned by the unlawful act of the board of review in in-
creasing the assessor's assessment thirty per cent, and the
taxing authorities in 1920 refused to abide the decision of
the court in 1919, which was affirmed by this court.   It
would require a multiplicity of suits by the taxing authori-
ties to collect the illegal taxes of 1920 had the tax-payers
declined to resist the taxes until sued.   Where the tax is
unauthorized by law this court has frequently held that it

is the duty of a court of equity to interfere, especially when the recovery of the tax would necessitate a multiplicity of suits. (*Drainage Comrs.* v. *Kinney,* 233 Ill. 67.) Hawkins and others who are interested in the prosecution of the bill tendered the taxes legally due to the collector, who particularly informed them that under no circumstances would he accept less than the entire taxes assessed, including the illegal taxes, and that there was no use for them to make tenders of the taxes which they claimed were all the taxes legally collectible. It is immaterial, under such a refusal, that some of the offered tenders were not legal tenders because made by checks or otherwise.

The decrees of the circuit court are affirmed.

*Decrees affirmed.*