(No. 20155.—

THE INTERSTATE IRON AND STEEL COMPANY, Appellant, *vs.* WILLIAM J. STRATTON, Secretary of State, Appellee.

*Opinion filed June 20, 1930—Rehearing denied October 11, 1930.*

POPPENHUSEN, JOHNSTON, THOMPSON & COLE, and GRAHAM & GRAHAM, (RUSSELL P. FISCHER, CLIFTON J. O'HARRA, HUGH GRAHAM, and A. K. ORSCHEL, of counsel,) for appellant.

OSCAR E. CARLSTROM, Attorney General, (B. L. CATRON, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, the Interstate Iron and Steel Company, was incorporated under the laws of Illinois in 1905 with a capital stock of $400,000, divided into 4000 shares of the par value of $100 each. The stock was later increased and from time to time decreased, and on July 20, 1929, the authorized capital stock was $5,743,300. Of that stock 17,433 shares were of the par value of $100 each and were preferred stock, and 40,000 shares, of the par value of $100, were common stock. July 20, 1929, appellant's articles of incorporation were amended. The amendment changed the par value and number of shares of common stock from 40,000 shares of the par value of $100 to 200,000 shares of no par value. It was provided that the holders of each share of common stock of the par value of $100 should receive in lieu of it five shares of common stock of no par value. In addition to its preferred stock in amount of $1,743,300 and its common stock of $4,000,000 the corporation had a surplus of $4,586,932.20, which was not capitalized or set over to capital stock account. The Secretary of State required the corporation to pay, in addition to the $20 provided by section 97 of the Corporation act, (Smith's Stat. 1929, chap. 32, p. 743,) an initial fee of one-twentieth of one per cent based upon said surplus and amounting to $2293.47 and a like amount as a fran-

chise tax. The corporation had previously paid the initial fee and franchise tax on all of its preferred and common stock before the date of the amendment. Appellant, upon receiving such demand in amount of $4,586.94, paid it under protest and filed a bill to enjoin the Secretary of State from paying the money over to the State Treasurer. The circuit court of Sangamon county sustained a demurrer to and dismissed the bill. The corporation appealed.

Appellant insists the Secretary of State was not entitled to collect an initial fee and also a franchise tax of one-twentieth of one per cent based upon the amount of the surplus of the corporation. It contends the initial fee and franchise tax as to no par value stock can be based only upon the amount of the capital stock, which is determined by the amount of the consideration received or to be received by the corporation for such shares of stock. It is stated the corporation received nothing for the 200,000 shares of no par value common stock except the amount originally received for the 40,000 shares of par value common stock, and the initial fee and franchise tax had already been paid upon the amount representing the capital stock. There was no addition, it is claimed, to the capital stock by the amendment. The tax is a franchise tax and not a property tax or a tax upon the corporation surplus. The number of shares was changed but there was no increase in the capital stock, and appellant's contention is that no tax was due on such change unless the capital stock was increased or the corporation had received or was to receive something for such stock. It is also contended by appellant that where the shares of stock are changed by an amendment and the capital stock is not increased, then nothing is received or to be received by the corporation within the meaning of the statute. Sections 96 and 105 of chapter 32 (Smith's Stat. 1929, pp. 742, 744,) are involved. *Roberts & Schaefer Co.* v. *Emmerson,* 313 Ill. 137, (affirmed by the Supreme Court of the United States in 271 U. S. 50,)

*Armstrong* v. *Emmerson*, 300 Ill. 54, and *O'Gara Coal Co.* v. *Emmerson*, 326 id. 18, were decided before the 1927 amendments to sections 96 and 105 of the Corporation act but have some bearing upon the questions here involved.

Appellee concedes that appellant had previously paid the initial fee and franchise tax due on the old stock, and states the additional fee and franchise tax assessed in this case was computed upon the actual value of the old common par value stock, which was surrendered and received by appellant in payment for the 200,000 shares of new common stock with no par value. Appellee contends that by the surrender of the old common stock appellant received rights or interest or capital represented by such stock for which the new common stock of no par value was issued. Shares of stock of no par value may be issued for any consideration not less than $5 nor more than $100 per share, to be paid in cash or property. Appellee insists the par value of appellant's stock of $4,000,000 and its surplus amount of $4,586,932.20 constituted the value of the shares of the old common stock at the time they were exchanged for the new shares of no par value common stock, and that an additional initial fee and franchise tax was required to be paid. In our opinion this is not a correct application of the requirements of the Corporation act. As we understand it, the capital stock of appellant was not changed by the amendment of its articles of incorporation in 1929, and the initial fee and franchise tax required by the Secretary of State must be measured by the amount of the consideration received by the corporation for such stock. By the amendment the old par value common stock was to be surrendered, one share for five shares of the new no par value common stock. This neither increased nor decreased the amount of capital stock, and we do not understand the corporation received or was to receive anything of value in the exchange of par value stock for no par value stock. The Secretary of State was not authorized to collect the initial fee

426

and franchise tax, and the court erred in sustaining the demurrer to and dismissing the bill.

The decree of the circuit court is reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*