## STRATTON, SECRETARY OF STATE OF ILLINOIS, v. ST. LOUIS SOUTHWESTERN RAILWAY CO.

No. 178. Argued December 2, 3, 1931. Reargued January 11, 1932.—Decided February 15, 1932.

Mr. *Bayard Lacey Catron,* Assistant Attorney General of Illinois, with whom *Mr. Oscar E. Carlstrom,* Attorney General, was on the brief, for appellant.

Mr. *Josiah Whitnel,* with whom *Mr. J. R. Turney* was on the brief, for appellee.

MR. JUSTICE STONE delivered the opinion of the Court.

This case is here on appeal, Jud. Code §§ 238, 266, from a final decree of a District Court of three judges for the Southern District of Illinois, enjoining the assessment and collection from appellee of the minimum annual corporation franchise tax of $1,000, under §§ 105, 107, 112, 114, of the Illinois Corporation Act, as an unconstitutional burden on interstate commerce, and as violating the due process clause of the Fourteenth Amendment. After argument here on the merits, the cause was again argued

by direction of the Court, argument being limited to the question of the jurisdiction of the district court, both with respect to the amount involved in the suit and its iurisdiction as a court of equity.

The bill sets up as ground for equitable relief the threat of revocation of appellee's certificate of authority to do business within the state for failure to pay the tax, pursuant to §§ 92 and 94 of the Act, and the consequent irreparable injury to its business. The equity jurisdiction of the district court was challenged by appellant's motion below to dismiss the bill of complaint, and by the assignments of error here, and the question presented, like that in *Matthews* v. *Rodgers, ante,* p. 521, is whether, under state laws, the appellee is afforded such an adequate remedy, by payment of the tax and the maintenance of a suit at law to recover it, as to preclude resort to the preventive jurisdiction of equity.

By the laws of Illinois, as appellant argues, a tax paid under duress and protest that it is illegally exacted, may be recovered at law in an action of assumpsit, brought either against the taxing body, the state excepted, see *Harvey & Boyd* v. *Olney,* 42 Ill. 336; or against the collecting officer, see *Yates* v. *Royal Ins. Co.,* 200 Ill. 202; 65 N. E. 726; *School of Domestic Arts and Sciences* v. *Harding,* 331 Ill. 330; 163 N. E. 15. See also *German Alliance Ins. Co.* v. *Van Cleave,* 191 Ill. 410, 413–414; 61 N. E. 94, and *Hawkins* v. *Lake County,* 303 Ill. 624, 629; 136 N. E. 487, in each of which the court entertained bills by numerous taxpayers to enjoin the collection of taxes or to compel their refund, on the express ground that to do so would avoid a multiplicity of suits at law.

Recovery of the tax may not be had, even though illegally exacted, unless its payment is procured by duress. See *Richardson Lubricating Co.* v. *Kinney,* 337 Ill. 122; 168 N. E. 886. But where the payment is of a corporate franchise tax like the present, made to avoid forfeiture

of the franchise, which would result from nonpayment, there is such duress as entitles the taxpayer to recover. *O'Gara Coal Co.* v. *Emmerson,* 326 Ill. 18, 21; 156 N. E. 814; *Western Cartridge Co.* v. *Emmerson,* 335 Ill. 150; 166 N. E. 501; see *Chicago & Eastern Illinois Ry. Co.* v. *Miller,* 309 Ill. 257; 140 N. E. 823.

By the Illinois statute, applicable to the present tax, Smith-Hurd's 1931 Revised Illinois Statutes, c. 127, par. 172, § 2 (a), it is provided that:

" It shall be the duty of every officer, board, commission, commissioner, department, institute, arm or agency brought within the provisions of this Act by Section 1 hereof to hold for thirty days all moneys received for or on behalf of the State under protest and on the expiration of such period to deposit the same with the State Treasurer unless the party making such payment shall within such period file a bill in chancery and secure a temporary injunction restraining the making of such deposit, in which case such payment shall be held until the final order or decree of the court."

This statute, for reasons stated at length in *Matthews* v. *Rodgers, supra,* can neither enlarge nor diminish the equity jurisdiction of the federal courts. It does not purport to confer any new remedy for the recovery of the tax. Nor does it impair the existing legal remedy, but supplements it by providing a method under the local procedure for staying payment over of the tax money, so that it may be available for the satisfaction of any judgment obtained against the collector. See *Interstate Iron & Steel Co.* v. *Stratton,* 340 Ill. 422; 172 N. E. 705; *O'Gara Coal Co.* v. *Emmerson, supra; Hump Hairpin Mfg. Co.* v. *Emmerson,* 293 Ill. 387; 127 N. E. 746; 258 U. S. 290.

These cases recognize the continued existence in Illinois of the right to recover the tax. The fact that in them the suits brought were denominated " equitable,"

although the only relief of an equitable nature, sought or allowed, was the injunction against payment over of the tax, which was but incidental to the recovery of the money, cannot alter the character of the right as one enforcible at law. In determining what is a legal remedy and its adequacy to defeat their equity jurisdiction, the federal courts are guided by the historic distinction between law and equity in those courts, not by the name given to remedies or to distinctions made between them by the state practice. *Scott* v. *Neely,* 140 U. S. 106, 110–111; *Hollins* v. *Brierfield Coal & Iron Co.,* 150 U. S. 371, 379. By this test the remedy by suit to recover a tax which has been paid is essentially a legal remedy, and it is not any the less so nor any the less adequate because the state practice has annexed to it an equitable remedy.

There being a legal remedy for the recovery of the tax, no case is made for invoking the jurisdiction of equity to enjoin collection of it in the absence of allegations setting up special circumstances which would render the legal remedy inadequate. See *Matthews* v. *Rodgers, supra; Arkansas Bldg. & Loan Assn.* v. *Madden,* 175 U. S. 269; *Atchison, Topeka & Santa Fe Ry.* v. *O'Connor,* 223 U. S. 280; *Singer Sewing Machine Co.* v. *Benedict,* 229 U. S. 481.

*Reversed.*