## UNITED ADVERTISING CORPORATION v. LYNCH et al.

No. 254.

Circuit Court of Appeals, Second Circuit.

Feb. 14, 1933.

Gilbert & Gilbert, of New York City (A. S. Gilbert and Godfrey Cohen, both of New York City, of counsel), for appellant.

John J. Bennett, Jr., Atty. Gen. (Wendell P. Brown, Asst. Atty. Gen., of counsel), for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Appellant, a foreign corporation, asserting jurisdiction because of diversity of citizen-

ship, brought this suit seeking equitable relief in the matter of recovery of its taxes for the years 1925 to 1930, inclusive.

Appellant alleges in its bill the diversity of citizenship of the parties, that it was subject to a tax under article 9-A of the New York Tax Law (Consol. Laws, c. 60 [section 208 et seq.]), having filed its report for the taxable years in question, and that the tax commission thereafter rendered its statement and account of the taxes for these years amounting in the aggregate to $19,930.94. Appellant alleges that it applied for revision of the taxes; that a hearing was had before the state tax commission on this application; that it presented its proofs and contentions; that the taxes were thereafter revised and assessed by the tax commission at $13,609.14; that in its notice of revision the commission threatened to impose penalties and issue execution against the appellant's property unless the taxes so revised were paid before October 21, 1931. Appellant alleges that it protested against the assessment so revised and assessed, not on the basis of the segregation of assets, but, without notice to the appellant, assessed on an arbitrary and discriminatory basis adopted by the commission, and including in the computation certain sales and sublet business of the appellant without regard to whether this business was or was not conducted within the state of New York; that the commissioners, appellees, arbitrarily allocated within the state of New York certain dividends received from sources without the state; that the appellant protested against this basis as arbitrary, improper, unjust, and inequitable, and not in accordance with the provisions of article 9-A of the Tax Law. Appellant alleges that the Constitution of the United States, particularly the Fourteenth Amendment, has been violated, and that the appellant has been deprived of its property without due process of law and denied the equal protection of the laws. It alleges that it requested a further hearing which was refused; that, in order to avoid a penalty, it paid its taxes so assessed under protest; that such assessment was illegal and not in accordance with the valid provisions of article 9-A of the Tax Law, because not based upon a proper segregation of the assets within and without the state. It alleges that the assessment was made by the appellees, claiming the right so to do under subdivision 9 of section 211 of the Tax Law of the state of New York, which, it is alleged, was violative of the Constitution of the United States, in that it is indefinite and permits an arbitrary, discriminatory, and unequal assessment of taxes

without relation to the assets of the appellant in New York state or its actual income earned within the state. The bill further alleges that, if subdivision 9 be constitutional, the appellees nevertheless adopted an unfair and inequitable basis for the reasons stated, that the objections thereto were presented to the appellees, but they arbitrarily refused to consider the same, and that the appellant has exhausted all the administrative remedies provided by the laws of the state of New York. Further, the bill states that section 218 of the New York Tax Law provides that, if it appears that a corporation shall have paid an excess of tax under article 9-A of the Tax Law, the tax commission shall credit such corporation with the amount of such excess and such credit without interest may be refunded to such corporation out of any revenues received under article 9-A to the credit of the state comptroller at the direction of the tax commission. Appellant alleges that it has no adequate remedy at law. The prayer for relief is that appellees be directed to "revise, resettle and readjust the taxes payable by your complainant * * * for the [said] years * * * in accordance with law; * * * That the said State Tax Commission be directed to credit your complainant with the sum of $9,656.91; * * * That the said State Tax Commission be directed to cause a refund to be made to your complainant."

 A suit to recover taxes illegally assessed and paid is one at law and is none the less so because the state practice also permits an equitable remedy. Stratton v. St. L. S. W. Ry. Co., 284 U. S. 530, 52 S. Ct. 222, 76 L. Ed. 465. The state statute provides a review of the assessment of taxes by certiorari, provided the notice of application be made within 90 days after service of the notice of the commission's final determination and the full amount of the taxes, percentages, interest, and other charges audited and stated be deposited with the tax commission before the making of the application and an undertaking be given for the costs of the proceeding. Tax Law, § 219, as amended by Laws 1928, c. 20, § 2.

Section 199, which is part of article 9 of the act, and which by section 219 is made applicable to proceedings under article 9-A, provides for revision or resettlement of any account upon certiorari by the state Supreme Court at the instance of a corporation affected by the tax assessed. For the purpose of such review, the commission shall return on such certiorari the accounts and all the evi-

dence before it on such application and all the papers and proofs upon the original statement of such account and all proceedings thereon. If the original or resettled accounts shall be found erroneous or illegal, either in point of law or of fact, by the Supreme Court, upon any such review, the accounts reviewed shall then be corrected and restated, and, from any determination of the Supreme Court upon any such review, an appeal to the Court of Appeals may be taken by either party. But the appellant contends that the remedy afforded by the state statute is inadequate because of the fact that the refund, if any, is without interest and the fact that the statute contains no absolute direction for a refund found to have been illegally collected. Educational Films v. Ward, 282 U. S. 379, 51 S. Ct. 170, 75 L. Ed. 400.

The remedy, however, which the appellant has elected to pursue, is a remedy at law, not in equity. It asks for a revision of its taxes because they were illegally exacted. Appellant does not seek relief as if it had not paid its taxes, to restrain the commission by injunction or by some other equitable relief which might be invoked if the tax were unconstitutionally imposed, or for the reason that the remedy by certiorari provided by the state statute was inadequate and the taxpayer was accordingly without adequate remedy at law. But it asks that the tax paid now be declared unlawful, and seeks to maintain by mandatory relief a credit on future taxes. The want of equity jurisdiction to do so is obvious, and the objection thereto must be sustained. Matthews v. Rodgers, 284 U. S. 521, 52 S. Ct. 217, 76 L. Ed. 447.

■ But it is argued by the appellant that the tax commission, making the assessment under subdivision 9, § 211, violated appellant's constitutional rights because that provision is indefinite and permits an arbitrary, discriminatory, and unequal assessment of taxes without relation to the assets of the appellant in the state or the income actually earned within the state. Section 211, subd. 9 (numbered subdivision 11 and amended by Laws 1929, c. 145; further amended by Laws 1931, c. 515, § 4), now provides in part:

"If it shall appear to the tax commission that the segregation of assets shown by any report made under this article does not properly reflect the corporate activity or business done, or the income earned from corporate activity or from business done in this state because of the character of the corporation's business and the character and location of its assets, the tax commission is authorized and empowered to equitably adjust the tax upon the basis of the corporate activity or the business done within and without the state rather than upon capital or assets only."

This, we think, is a valid method of assessing and imposing a tax. Bass, Ratcliff & Gretton, Ltd., v. State Tax Commission, 266 U. S. 271, 45 S. Ct. 82, 69 L. Ed. 282; Underwood Typewriter Co. v. Chamberlain, 254 U. S. 113, 41 S. Ct. 45, 65 L. Ed. 165; S. S. Kresge Co. v. Bennett (D. C.) 51 F.(2d) 353. The act distinctly excludes earnings of income from without the state as a method of arriving at the tax base. Hans Rees' Sons, Inc., v. North Carolina, 283 U. S. 123, 51 S. Ct. 385, 75 L. Ed. 879. This method was provided to prevent arbitrary, discriminatory, and unequal assessments which might arise under conditions if the segregation of assets rule or formula were used. The application is to all corporations, foreign or domestic, where the segregation of assets does not properly reflect the business activity of the corporation. Such method allocates corporate income to the states where the business producing that income was carried on in proportion to the business transacted in each state.

■ The rule is well settled that a court of equity will not enjoin the collection of a state tax even though the taxpayer be without remedy at law, if the illegality of the tax is due to an error on the part of the assessing officer rather than to the unconstitutionality of the taxing statute. Gorham Mfg. Co. v. Travis (D. C.) 274 F. 975, affirmed Gorham Mfg. Co. v. State Tax Commission of State of New York, 266 U. S. 265, 45 S. Ct. 80, 69 L. Ed. 279. The attack upon the constitutionality of the act because it is indefinite and permits of an arbitrary, discretionary, and unequal assessment of the tax without relation to the assets of the appellant within the state of New York is without merit. The act clearly permits the commission to segregate the activity or business done within or without the state, and no provision in so doing is arbitrary or discriminatory. Its very purpose seems to have been to prevent the arbitrary, discriminatory, and unequal assessment which would result in certain cases from the application of the segregation of assets formula. It applies to all corporations, foreign and domestic, whose segregation of assets fails to properly reflect the corporate activity or business. It allocates corporate income to states where the business producing such income was carried on and in proportion to the business carried on in each. Allo-

cation of income will always be in accordance with the corporate business. It is to be applied, as it clearly and definitely states, when it shall appear that segregation of assets does not properly reflect the corporate activity or business done or income earned from the business in this state. Michigan Central R. Co. v. Powers, 201 U. S. 245, 297, 26 S. Ct. 459, 50 L. Ed. 744; J. W. Hampton, Jr., & Co. v. U. S., 276 U. S. 394, 48 S. Ct. 348, 72 L. Ed. 624.

Moreover, a court of equity will not afford relief where it appears that a legal right has been provided for by the law of the state and where it appears a taxpayer has waited until the limitation period of the statute has expired. Baker v. Cummings, 169 U. S. 189, 206, 18 S. Ct. 367, 42 L. Ed. 711; Metropolitan Nat. Bank v. St. Louis Dispatch Co., 149 U. S. 436, 448, 13 S. Ct. 944, 37 L. Ed. 799; Bell v. Giles Dyeing Machine Co., 37 F.(2d) 482, 484 (C. C. A. 3); D. O. Haynes & Co. v. Druggists' Circular, 32 F. (2d) 215, 217 (C. C. A. 2).

Decree affirmed.