**JIMENEZ v. DOMENECH.**

No. 3053.

Circuit Court of Appeals, First Circuit.

Dec. 17, 1935.

Leonard Wheeler, Jr., of Boston, Mass. (Goodwin, Procter & Hoar, of Boston, Mass., and Juan B. Soto, of San Juan, P. R., on the brief), for appellant.

William C. Rigby, of Washington, D. C. (B. Fernandez Garcia, Atty. Gen., of Puerto Rico, and Nathan R. Margold, Dept. of Interior, of Washington, D.C., on the brief), for appellee.

Before BINGHAM and MORTON, Circuit Judges, and MORRIS, District Judge.

MORTON, District Judge.

This is an appeal by the plaintiff from a judgment of the Supreme Court of Puerto Rico which affirmed a judgment of the District Court of San Juan sustaining a demurrer and dismissing the complaint.

The plaintiff was a dealer in foreign coffee. By his complaint he sought to recover from the defendant, a former treasurer of Puerto Rico, about $35,000 paid for stamps required by the Puerto Rico statute of April 19, 1928 (Laws of Puerto Rico 1928, p. 146), to be placed upon containers of foreign coffee. Certain license fees of small amount are also involved. It is settled that the act under which the sums in question were collected was unconstitutional and that the collection of them was an illegal exaction. Lugo v. Suazo (C.C. A. 1932) 59 F.(2d) 386.

The complaint sufficiently alleges that the payments in question were not voluntarily made, but were obtained by duress. Carpenter v. Shaw, 280 U.S. 363, 50 S.Ct. 121, 74 L.Ed. 478; Swift Co. v. United States, 111 U.S. 22, 4 S.Ct. 244, 28 L.Ed. 341; Stratton v. St. Louis Southwestern R. Co., 284 U.S. 530, 52 S.Ct. 222, 76 L.Ed. 465. It does not allege that any protest was made at the time when the stamps were purchased or used, or that notice was given to the defendant, in connection with the purchase or use of the stamps, of any claim that they were illegally required and that he would be held liable for the sums paid for them. No motion to amend by inserting such allegations appears to have been made, the plaintiff submitting to final judgment against him on the complaint as it stood. The question is whether without these allegations a case for recovery is stated.

The Supreme Court of Puerto Rico held that the suit was against the Treasurer of Puerto Rico in his official capacity; that as such it was controlled by the act of April 19, 1927, No. 8, which provides the exclusive remedy for taxes illegally collected; and that, as the provisions of the act with respect to protest and to the time within which suit must be brought, are not alleged to have been complied with, the plaintiff was on the face of the complaint not entitled to recover.

The present suit is clearly against Domenech, not as treasurer—as the Supreme Court of Puerto Rico erroneously held—but in his individual capacity, for money wrongfully obtained by duress. To such actions the government is not a party. Sage v. United States, 250 U.S. 33, 39 S.Ct. 415, 63 L.Ed. 828; Moore Ice Cream Co., Inc., v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265; International Paper Co. v. Burrill (D.C.) 260 F. 664, 665. The suit is not based on the statute, but on an asserted right, similar to that which exists at common law, to hold an official who has collected an illegal tax personally liable to refund it. Both parties have assumed that such an action lies under Puerto Rico law unless the remedy for illegal taxation provided by the act of 1927 was intended to be exclusive and to abrogate all others.

The insuperable difficulty with the plaintiff's case is that, assuming the action lies as he contends, he is not entitled to recover without alleging and proving that the payments in question were made under protest, or with notice to the official who collected them (the treasurer) that he would be held liable to refund them. This is settled law in the United States except as changed by statute. Cary v. Curtis, 3 How. 236, 11 L.Ed. 576; Chesebrough v. United States, 192 U.S. 253, 24 S.Ct. 262, 48 L.Ed. 432; United States v. New York & Cuba S. S. Co., 200 U.S. 488, 26 S.Ct. 327, 50 L.Ed. 569; Moore Ice Cream Co. v. Rose, 289 U.S. 373, 375, 53 S.Ct. 620, 77 L.Ed. 1265. It appears also to be the law of Puerto Rico. Guerra v. Treasurer of Porto Rico, 8 Porto Rico, 280, 308. The peculiar character of stamp taxes, no assessment of them is made, the government has no right to assess or distrain for them (McClain v. Fleshman, 106 F. 880 [C.C.A. 3]), and the government representative selling the stamps may not know by whom or for what purpose they are purchased unless information is given him on those points, emphasize the necessity for protest or notice in respect to them.

It is obviously unjust for a government to retain money illegally collected under an unconstitutional law by misuse of the public force, but this is matter for the legislature. Special provisions were made by Congress for repayment of sums collected as stamp taxes under two such statutes which were declared invalid. See Act of June 27, 1902, c. 1160, 32 Stat. 406; Act of February 1, 1909, c. 53, 35 Stat. 590.

For the reasons stated, the plaintiff is not entitled to recover in this suit and it is unnecessary to decide the other questions which were argued.

The judgment of the Supreme Court of Puerto Rico is affirmed with costs.