## FARMERS AND MERCHANTS NAT. BANK v. HOYT.

No. 1021. Opinion Filed November 14, 1911.

1. **EQUITY — Defenses — Mistake — Parol Evidence.** In this state, whilst the distinction between law and equity is abolished, equitable relief may be awarded by the district court under proper allegations, when sustained by the required measure of proof.

(a) Such equitable relief may be invoked by means of an equitable defense to defeat plaintiff's legal cause of action.

(b) In invoking such equitable defense where necessary, a written instrument, on account of mistake or accident, not expressing the facts and mutual intention thereto, parol evidence may be admitted as to the facts and the mutual intention.

2. **BILLS AND NOTES—Defenses—Mistake in Signature—Parol Evidence.** A note having been made and executed by K. C. Association, in the name of K. C. Association, by C., president, A., as secretary, and H., as treasurer, in favor of F. & M. Bank, was thereafter renewed by another note, executed in the name of K. C. Association, by C., as president, A., as secretary, and H., in favor of the same bank. Said bank after maturity brought suit on said note against said K. C. Association and H. as an individual. H. in his defense pleaded that it was the mutual intention of all the parties thereto, including the bank, that he should sign said note as treasurer, and not as an individual, but, through mistake, which was mutual, he omitted after his name the words, "as treasurer"; that he received no benefits whatever from the proceeds of said note. **Held,** that, by way of an equitable defense, such mutual mistake might be proved by parol evidence.

(Syllabus by the Court.)

*Error from District Court, Kiowa County; G. A. Brown, Judge.*

Action by the Farmers and Merchants National Bank against F. B. Hoyt and others. From the judgment, plaintiff brings error. Affirmed.

*Hays, Carpenter & Hughes,* for plaintiff in error.

*L. M. Keys,* for defendant in error.

WILLIAMS, J. The plaintiff in error, as plaintiff, declared by petition against the Kiowa County Fair Association, F. B. Hoyt, S. T. Combs, John D. Appleby, and Ida Combs, on a certain note, in words and figures as follows:

"$1060.00                    Hobart, Okla., Oct. 29th, 1903.

"On the 8th day of January, 1904, for value received, I, we or either of us, promise to pay to Farmer's and Merchants National Bank, or order, the sum of One Thousand & Sixty Dollars, with interest at the rate of 12 per cent per annum from maturity date, payable semi-annually at the office of the Farmer's and Merchants National Bank, of Hobart, Oklahoma Territory.

"All principal or interest not paid when due shall bear interest at 12 per cent per annum, and failure to pay interest when due shall cause the whole note to become due and collectable at once. Should suit be commenced for the collection of this note, a reasonable amount shall be allowed as attorney's fee, and taxed with the cost, whether it goes to judgment or not, and holder may sell at public or private sale without notice, any and all collaterals held as security for this note, at any time, and credit the proceeds thereof on the note, or collect collateral by law and apply proceeds as aforesaid. And the makers, sureties and endorsers hereto, hereby waive appraisement, notice of extension, nonpayment and protest, and agree that any extensions of time hereon, or renewals hereof, shall not affect their liability, whether they have notice of such extensions or renewal or not.

"KIOWA COUNTY FAIR ASSOCIATION.
"S. T. COMBS, Pres.
"JOHN D. APPLEBY, Secy.
"F. B. HOYT.

"Miles North———Miles South———
"Miles East———Miles West———
(Endorsed.)
"Int. paid to April 8th, —04.
"Int.  "   "   May 8th, —04.
"  "   "   "   Aug. 8th, —04."

The defendants S. T. Combs, John D. Appleby, and Ida Combs having demurred to the petition, the same was sustained,

as to each of them and judgment entered in their favor. Their codefendants, the Kiowa County Fair Association and F. B. Hoyt, were then and there allowed thirty days in which to answer. They answered, without verification, by a general denial and the allegation of a failure of consideration. The plaintiff filed a reply to said answer.

After said cause had thus been pending on the docket, at issue, for nearly two years, the defendant F. B. Hoyt filed his separate answer, alleging that he signed the note as treasurer for said Fair Association, intending to bind said corporation only, and not himself as an individual; that at said time he was treasurer of said corporation, and the note was given as a renewal of a similar note which had been executed in the name of the corporation by Sam Combs, as president, John D. Appleby, as secretary, and himself, as treasurer; that through inadvertence he omitted to add the term, "as treasurer of the Kiowa County Fair Association," and that the omitting of such words was a mutual mistake, not only as to himself but also the bank; that he had no interest in said note and received no benefit from its proceeds in any way.

Plaintiff moved to strike said separate answer from the files, which was overruled. Thereupon he filed his reply thereto.

A jury having been waived of record, the trial was had before the court, which found:

"That the defendant, Kiowa County Fair Association, made, executed and delivered the note sued on herein; that the said note was executed as a renewal for borrowed money; that the same is long past due, together with the interest thereon, as set out in plaintiff's petition herein, and that the said Kiowa County Fair Association is now indebted to the plaintiff, on said note, principal and interest, in the sum of $1,581.15, and it further appears to the court that 10% of said sum is a reasonable amount for attorneys fees to be taxed with the costs herein."

The court further found:

"That F. B. Hoyt signed the note sued on as treasurer of said corporation, intending thereby to bind the corporation only, and not himself individually; and that through inadvertence he omitted to add his official designation, and that the mistake was

a mutual mistake between plaintiff and defendant in his. signing the said note."

Judgment was thereupon rendered in favor of the plaintiff against the defendant corporation, and in favor of the defendant Hoyt against said plaintiff.

In *Flourney v. Mims et al.,* 17 Ala., page 38, the court, speaking through Judge Chilton, said:

"The court did right in rejecting the parol evidence offered to alter, explain, or in any way to vary the bond. In *Gayle et al. v. Hudson et al.,* 10 Ala. Rep. 116, where the authorities are collated, it was held that a bond payable to Hudson & *Jones* could not be used upon in the names of Hudson & James, alleging that the latter, and not Jones, was the person intended as the payee: That such a mistake might entitle the party to the reformation of the bond in a court of equity, but did not authorize him to maintain his action at law in the name intended to have been inserted, and parol evidence of the intention was excluded."

In *Gayle et al. v. Hudson et al., supra,* 10 Ala. 116, the court, through Chief Justice Collier, said:

"In the interpretation of written instruments, courts of equity and law have concurrent jurisdiction, but where the question is, what the parties intended, to let in parol evidence of a mistake, with a view to its correction, the jurisdiction of equity is exclusive. But except in those cases where issue may be, and is, taken upon the question of intention as an independent fact, the powers of that court are neither greater nor less than those of a court of law—both are limited to the office of interpretation, and neither can admit parol evidence to add to or vary the terms of an instrument. * * * It is said, sometimes by mistake the written agreement contains less than the parties intended; sometimes it contains more; sometimes it simply varies from their intent by expressing something different in substance from the truth of that intent. In all such cases, if the mistake is clearly made out, by proof entirely satisfactory, equity will reform the contract, so as to make it conformable to the precise intent of the parties. But if the. proofs are doubtful, and unsatisfactory, and the mistake is not made entirely plain, equity will withhold relief; upon the ground that the written paper ought to be treated as a full and correct expression of the intent, until the contrary is established beyond reasonable controversy."

In this state, whilst the distinction between law and equity

is abolished, equitable relief may be awarded by the district courts under a proper state of facts. *Atwood v. Mikeska et ux.,* 29 Okla. 69, 115 Pac. 1011.

In 2 Pomeroy's Equity Jurisprudence, Third Edition, section 868, page 1538, it is said:

"The jurisdiction may be exercised either defensively or affirmatively. In equitable suits to compel the specific performance of contracts, or to enforce the obligation arising out of contract, or to enforce an obligation arising out of any other transaction, the defense of mistake is available to defeat or modify the relief. Of course, the mistake alleged and proved by the defendant must in all respects conform to the rules heretofore stated concerning the requisites of mistakes in equity; it must be material, and must have determined the action of the party in entering into the contract or transaction. It may be common to both parties; it may be induced or procured by the conduct of the plaintiff; or it may be an error of the defendant alone, wholly due to himself. In either case it will be a defense. The effect of mistake as a defense in equitable actions has already been considered in the former paragraphs which treat of the admission of parol evidence, and the decisions there cited will furnish examples and illustrations. In states which have adopted the reformed procedure, the equitable jurisdiction may also be invoked, if necessary, by defendants in legal actions. This may be done by means of equitable defenses which simply defeat the plaintiff's legal cause of action, or by means of equitable counterclaims or cross-complaints, which demand for the defendant some affirmative relief, as reformation or cancellation."

The case of *Janes v. Citizens Bank of North Enid,* 9 Okla. 546, 60 Pac. 290, is in harmony with the foregoing. There the sole question was as to whether parol evidence was admissible to explain the meaning of an instrument in case of ambiguity. Here there is no ambiguity, but the question is as to the admission of parol evidence to prove a mutual mistake in the execution of the contract. If affirmative equitable relief were being sought, the decree should be that the instrument be reformed. As defensive relief only is sought by the intervention of the equitable defense, plaintiff's legal demand may be defeated.

This is not a case of rescission; for the defendant received nothing to restore. It is a reformation of the contract, that it may appear as it was intended. When such is done the equitable defense is established.

There does not appear to have been any abuse of discretion in permitting the defendant Hoyt to file his separate answer. It was permissible to allow him to set up any defense, either legal or equitable, by way of answer.

The judgment of the lower court is affirmed.

TURNER, C. J., and HAYES and KANE, JJ., concur; DUNN, J., absent and not participating.