## ATLAS LIFE INSURANCE CO. *v.* W. I. SOUTHERN, INC.

No. 598.  Submitted March 29, 1939.—Decided April 17, 1939.

564

*Messrs. Logan Stephenson* and *Elmer J. Lundy* submitted for the Atlas Life Insurance Co.

*Mr. Austin Flint Moss* submitted for **W. I. Southern, Inc.**

MR. JUSTICE STONE delivered the opinion of the Court.

In this case the Court of Appeals for the Tenth Circuit has certified to us questions of law concerning which it asks instructions for the proper decision of the cause pending in that court. Judicial Code, § 239; 28 U. S. C. § 346.

The certificate states that on March 13, 1936, Atlas Life Insurance Company, an Oklahoma corporation, plaintiff below, issued, on a single application, three policies of insurance on the life of one Southern, in amounts of $10,000, $15,000 and $25,000 respectively, each naming as beneficiary W. I. Southern, Inc., a Delaware corporation. All of the policies contained an incontestable clause reading:

"This policy will be incontestable after two years from date of issue except for the nonpayment of premium and except as to provisions and conditions relating to disability benefits and those granting additional insurance specifically against death by accident, if any",
and a clause relating to statements of the insured in his application as follows:

"All statements made by the Insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall void this policy unless it be contained in the written application and a copy of the application is endorsed upon or attached to this policy when issued."

The insured died February 23, 1938, and on March 7, 1938, the corporate beneficiary began suit against the insurance company in the Oklahoma state district court. On the following day the insurance company brought a suit in equity against the beneficiary in the federal district court for northern Oklahoma for cancellation of the

policies, on the ground that in his application the insured had intentionally and fraudulently given false answers to questions material to the risk. The trial court sustained a motion to dismiss the equity suit, made on the ground that the insurance company had an adequate remedy at law by setting up the alleged fraud as a defense to the action pending in the state court. 23 F. Supp. 334. The insurance company electing not to plead further, a decree was entered dismissing the bill, from which the insurance company appealed to the Circuit Court of Appeals.

Under the Oklahoma practice the insurance company can set up the fraud as a defense to the action at law on the policies, or can interpose a cross-complaint in that action for cancellation of the policies. *Farmers & Merchants Bank* v. *Hoyt*, 29 Okla. 772; 120 P. 264. The action on the policies in the state court is not removable by the insurance company, since it is not a non-resident of Oklahoma within the meaning of § 28 of the Judicial Code, 28 U. S. C. § 71.

The questions certified are as follows:

"1. Is the remedy at law available in the state court by setting up the alleged fraud as a defense to the action on the policies, such an adequate remedy at law as will constitute a valid defense to the suit in equity for cancellation of the policies?

"2. In order to constitute a defense to a suit in equity to cancel a policy of life insurance on the ground of fraud, is it essential that the remedy at law be available to the complainant in an action at law pending in the federal court?

"3. Is the principle that the adequate remedy at law which will preclude a federal court of equity from granting relief must be one available in the federal courts, applicable in the instant case where the relief sought is affirmative in form but defensive in character?"

Section 11 of the Judiciary Act of 1789, 1 Stat. 78, provided that the circuit courts should have "cognizance . . . of all suits of a civil nature at common law or in equity" in cases appropriately brought in those courts. This provision is perpetuated in § 24 (1) of the Judicial Code, 28 U. S. C. § 41 (1), which declares that the district courts shall have jurisdiction of such suits. The "jurisdiction" thus conferred on the federal courts to entertain suits in equity is an authority to administer in equity suits the principles of the system of judicial remedies which had been devised and was being administered by the English Court of Chancery at the time of the separation of the two countries. *Payne* v. *Hook*, 7 Wall. 425, 430; *In re Sawyer*, 124 U. S. 200, 209–210; *Matthews* v. *Rodgers*, 284 U. S. 521, 525; *Gordon* v. *Washington*, 295 U. S. 30, 36. This clause of the statute does not define the jurisdiction of the district courts as federal courts, in the sense of their power or authority to hear and decide, but prescribes the body of doctrine which is to guide their decisions and enable them to determine whether in any given instance a suit of which a district court has jurisdiction as a federal court is an appropriate one for the exercise of the extraordinary powers of a court of equity. See *Massachusetts State Grange* v. *Benton*, 272 U. S. 525, 528; *Pennsylvania* v. *Williams*, 294 U. S. 176, 181, and cases cited.[1]

---

[1] Unlike the objection that the court is without jurisdiction as a federal court, see *Mansfield, C. & L. M. Ry. Co.* v. *Swan*, 111 U. S. 379, 382, the parties may waive their objections to the equity jurisdiction by consent, *Hollins* v. *Brierfield Coal & Iron Co.*, 150 U. S. 371, 380; *Re Metropolitan Railway Receivership*, 208 U. S. 90; *cf. Marin* v. *Augedahl*, 247 U. S. 142, or by failure to take it seasonably. *Brown* v. *Lake Superior Iron Co.*, 134 U. S. 530, 535–536; *Southern Pacific R. Co.* v. *United States* (*No. 1*), 200 U. S. 341, 349. The objection should be taken by the court *sua sponte*, when obvious, *Lewis* v. *Cocks*, 23 Wall. 466, 470; *Singer Sewing Machine Co.* v. *Benedict*, 229 U. S. 481, 484, or when the exercise of the equity

Section 16 of the Judiciary Act of 1789, 1 Stat. 82, continued without material change as § 267 of the Judicial Code; 28 U. S. C. § 384, declares that suits in equity shall not be sustained in the courts of the United States in any case where a "plain, adequate and complete remedy may be had at law." The command of § 267 is but a declaration of the equity rule established long before the enactment of the Judiciary Act, and it serves by emphasis of the rule to protect the states from the encroachments which would result from the exercise of equity powers by federal courts failing to observe it. *Matthews* v. *Rodgers, supra,* 525; *Stratton* v. *St. Louis Southwestern Ry. Co.,* 284 U. S. 530.

By long-settled construction, the accepted test of legal adequacy which the section prescribes is the legal remedy which the federal, rather than state, courts afford.[2] *Smyth* v. *Ames,* 169 U. S. 466; *Risty* v. *Chicago, R. I. & P. Ry. Co.,* 270 U. S. 378, 388; *Di Giovanni* v. *Camden Fire Insurance Assn.,* 296 U. S. 64; *Petroleum Exploration, Inc.* v. *Public Service Comm'n,* 304 U. S. 209, 217. But although the adequacy of the legal remedy precludes resort to a federal court of equity, it does not follow that the converse is true—that the want of a legal remedy in the federal courts gives the suitor free entrance to a fed-

---

powers of the federal court affects the relationship of the federal to the state courts. See *Kennedy* v. *Tyler,* 269 U. S. 13; *Matthews* v. *Rodgers,* 284 U. S. 521, 525–526; *Pennsylvania* v. *Williams,* 294 U. S. 176, 185; *Di Giovanni* v. *Camden Fire Insurance Assn.,* 296 U. S. 64, 73. Cf. *Central Kentucky Natural Gas Co.* v. *Railroad Commission,* 290 U. S. 264, 271–273.

[2] "Otherwise the suitor in the federal courts might be entitled to a remedy in equity which the federal courts of law are competent to give, or, on the other hand, be obliged to forego his right to be heard in the federal courts in order to secure an equitable remedy which state courts of law do but the federal courts of law do not give. See *Stratton* v. *St. Louis Southwestern Ry.,* 284 U. S. 530, 533, 534; . . ." *Di Giovanni* v. *Camden Fire Insurance Assn.,* 296 U. S. 64, 69.

eral court of equity. Absence of legal remedy does not dispense with the necessity of alleging and proving a cause of action in equity as a prerequisite to equitable relief in a federal court. *Enelow* v. *New York Life Ins. Co.*, 293 U. S. 379; *Di Giovanni* v. *Camden Fire Insurance Assn., supra; American Life Ins. Co.* v. *Stewart*, 300 U. S. 203.

The insurance company in the circumstances disclosed by the certificate is without remedy in a suit at law. The federal courts can render no judgment at law directing cancellation of a contract for fraud in its inception or preserving evidence of the fraud. These are forms of relief which a court of equity alone can give. But the basis of equitable relief is that the cancellation asked is necessary to protect the suitor from irreparable injury when there is manifest danger that his defense at law on the policy will be lost or prejudiced. *Enelow* v. *New York Life Ins. Co., supra; Di Giovanni* v. *Camden Fire Insurance, Assn., supra; American Life Ins. Co.* v. *Stewart, supra.*

Ordinarily when the defense of fraud may be interposed to an action at law on the policy and such an action is imminent or pending, there is no occasion for equitable relief and the parties will be left to their rights as determined in the suit at law. In such a case the bill is dismissed without prejudice, not because there is want of jurisdiction in the federal court, but because the plaintiff has made no case for equitable relief. *Insurance Co.* v. *Bailey*, 13 Wall. 616; *Cable* v. *United States Life Ins. Co.*, 191 U. S. 288; *Enelow* v. *New York Life Ins. Co., supra; Di Giovanni* v. *Camden Fire Insurance Assn., supra.* And since the issue is not one of jurisdiction but of the need and propriety of equitable relief, the mere fact that the suit at law which is imminent can be brought only in the state court, or that it is pending there, is immaterial. *Cable* v. *United States Life Ins. Co.*,

*supra; Di Giovanni* v. *Camden Fire Insurance Assn.,
supra;* cf. *Insurance Co.* v. *Bailey, supra.* It is no ground
for equitable relief that the suit at law is brought in a
state rather than a federal court, for the insurance com-
pany's defense may be protected there as well as in a
federal court, and in that case there is no threat of ir-
reparable injury. See *Cable* v. *United States Life Ins.
Co., supra.* On comparable grounds a federal court may
withhold its aid when a plaintiff has failed to resort to a
state administrative remedy. *Natural Gas Pipe Line Co.*
v. *Slattery,* 302 U. S. 300, 310–311. Only when special
circumstances are shown which subject the insurer to the
hazard that his defense to the suit at law, whether in the
state or federal court, will be lost or prejudiced is there
occasion for equity to give relief. *American Life Ins. Co.*
v. *Stewart, supra.*

In the light of what we have said it is evident that the
certified questions cannot be properly answered, both be-
cause they are apparently framed without reference to
the requirements for the maintenance of a suit in equity
in the federal courts independently of § 267 of the Ju-
dicial Code and on the mistaken assumption that that
section affords the only test of the insurance company's
right to proceed in a federal court of equity; and because
the certificate does not exclude the possibility that there
are facts, lurking in the record or within the range of
judicial notice, which may have a material bearing on
the insurance company's need for equitable relief.

Since the insurance company has no remedy at law in
the federal courts for the cancellation of the policies, § 267
interposes no obstacle to a suit in equity in a federal
court. But it is requisite under § 24 (1) of the Judicial
Code to the maintenance of suit there that facts should
be presented entitling the company to equitable relief.
In this aspect of the case the certified questions are in-
capable of categorical answer and the questions which

they suggest can be properly answered only by reframing the questions certified or giving qualified answers to them. This we are not required to do, see *Jewell* v. *Knight*, 123 U. S. 426, 432, 435; *Chicago, B. & Q. Ry. Co.* v. *Williams*, 205 U. S. 444; *United States* v. *John Barth Co.*, 276 U. S. 606; *White* v. *Johnson*, 282 U. S. 367, and cannot properly do without recourse to the record, which is not before us.

The suit at law in the state court in this case was brought shortly before the expiration of the two year period after which the incontestable clause, according to its terms, would come into operation. The fact that that period was about to expire was thought to be a sufficient ground for resort to equity in *American Life Ins. Co.* v. *Stewart, supra,* where no suit at law was pending or appeared to be imminent when the bill was filed. But we cannot say, at least without qualification, that a complainant similarly sustains the burden of showing threatened irreparable injury when a suit at law is pending in which he is free to set up as a defense the fraud on which he must rely in a cancellation suit in equity. Whether there are other special circumstances in the present case entitling the insurance company to equitable relief; whether there are peculiarities of local procedure which, in some circumstances, might impair the insurance company's defense; whether such circumstances exist; or whether, under local law, a defense once interposed before the policy has become incontestable is a "contest" sufficient to preserve the insurer's rights for all purposes, see *New York Life Ins. Co.* v. *Hurt*, 35 F. 2d 92, 95; *Harnischfeger Sales Corp.* v. *National Life Ins. Corp.*, 72 F. 2d 921, 922; *Killian* v. *Metropolitan Life Ins. Co.*, 251 N. Y. 44, 48; 166 N. E. 798, are questions which the certificate does not exclude from the case and which have not been briefed or argued here. Yet they are questions which may require consideration before a court can determine whether

the equity suit should be dismissed or whether the bill should be retained without further proceedings pending disposition of the suit at law, as may be done by the equity court in its discretion. *Landis* v. *North American Co.*, 299 U. S. 248; *American Life Ins. Co.* v. *Stewart, supra,* 215. The guiding principle is that the federal court should proceed only so far as is necessary to protect the suitor from loss of his defense at law, without needlessly interfering with the determination of the plaintiff's rights in the state court, where his action was properly begun. See *Di Giovanni* v. *Camden Fire Insurance Assn., supra,* 73; and cases cited.

The certificate fails to disclose whether all the facts and circumstances pertinent to this issue have been certified. This Court cannot be required by certificate to answer, and should not answer, questions which may be affected by unstated matter lurking in the record, or questions which admit of one answer under one set of circumstances and a different answer under another, neither of which is inconsistent with the certificate. See *Triplett* v. *Lowell*, 297 U. S. 638, 648, 649.

The certificate is

<div align="right">

*Dismissed.*