**ATLAS LIFE INS. CO. v. W. I. SOUTHERN, Inc.**

**No. 1733.**

Circuit Court of Appeals, Tenth Circuit.

May 1, 1939.

Rehearing Denied June 27, 1939.

Logan Stephenson and E. J. Lundy, both of Tulsa, Okl. (Rogers, Stephenson & Dickason and Poe, Lundy & Morgan, all of Tulsa, Okl., on the brief), for appellant.

A. F. Moss, of Tulsa, Okl. (H. R. Young, of Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

This was an action in equity to cancel and annul three policies of insurance in the respective amounts of $25,000, $15,000, and $10,000, issued by Atlas Life Insurance Company, upon a single application, insuring the life of Wheaton I. Southern, and payable to W. I. Southern, Inc., as beneficiary. The application was dated March 9, 1936; the policies were dated March 13th; and they were delivered March 24th. Each provided that the policy and the application therefor, a copy of which was attached thereto, should constitute the entire contract; that all statements made by the insured should, in the absence of fraud, be deemed to be representations and not warranties; and that the policy should be incontestable after two years from the date of issue except for the nonpayment of premium and except as to provisions and conditions relating to disability benefits and those granting additional insurance specifically against death by accident, if any. The insured died February 23, 1938. On March 7th, thereafter, and within the two-year contestable period, the beneficiary instituted a suit at law in the district court of Tulsa County, Oklahoma, to recover upon each and all of such policies; and on the same day service of process was had upon the insurance company. On the following day, the insurance company filed its bill in this cause in the United States court for northern Oklahoma, seeking cancellation of the policies on the ground that the insured gave fraudulent answers to questions material to the risk propounded in the application. The defendant filed a suggestion of lack of jurisdiction, and sought dismissal of the action on the ground that the plaintiff had a plain, adequate, and complete remedy at law by pleading the same fraud set forth in the bill in bar to recovery on the policies in the suit pending in the state court. Later the insurance company filed a pleading denominated application for injunction and restraining order in which it was recited that the action at law had been removed to the United States court, and was then pending there; and that the plaintiff in such action had filed a motion to remand the cause to the state court, and had given notice that at a time designated in the notice, it would apply to the state court for judgment by default. The prayer was that defendant be enjoined and restrained from applying to the state court for judgment by default in the action at law, and that it be enjoined from taking any action whatsoever concerning such policies, except in the equity action in the United States court. The court denied the application for an order of restraint, and dismissed the bill on the ground that at the time the suit was filed the insurance company had an adequate remedy at law by pleading the alleged fraud in defense to recovery on the policies in the action pending in the state court. The insurance company elected not to plead further. A decree was entered dismissing the cause, from which the appeal was taken.

Proceeding under section 239 of the Judicial Code, 28 U.S.C.A. § 346, we certified to the Supreme Court the questions (1) whether the remedy at law available in the state court by pleading the alleged fraud in defense to the action on the policies is such an adequate remedy at law as constitutes a valid defense to this action for cancellation of such policies, (2) whether in order to constitute a defense to a suit in equity to cancel policies of life insurance on the ground of fraud, it is essential that the remedy at law be available to the complainant in the United States court, and (3) whether the principle that an adequate remedy at law which will preclude a United States court from granting equitable relief must be one available in the United States courts has application in this case where the relief sought is affirmative in form but defensive in character. The court dismissed the certificate. Atlas Life Insurance Company v. W. I. Southern, Inc., 306 U.S. 563, 59 S.Ct. 657, 83 L.Ed. 987. The basis of the dismissal was that the certificate failed to disclose whether there are peculiarities of local procedure which might impair the right of the insurance company to plead fraud in defense to recovery on the policies in the state court, or whether other special circumstances exist which entitle the company to equitable relief.

The insurance company is a corporation organized under the laws of Oklahoma. The beneficiary is a corporation organized under the laws of Delaware, and authorized to do business in Oklahoma. Being a domestic corporation, the insurance company could not remove the suit at law to the United States court, plead the issue of fraud as a bar to recovery on the policies, and in that way litigate the question in that court. In other words, the remedy at law by removal of the case to the federal court and there tendering the issue in defense was not open to the insurance company. Section 267 of the Judicial Code, 28 U.S.C.A. § 384, provides that suits in equity shall not be sustained in a United States court where a plain, adequate, and complete remedy may be had at law. But the insurance company insists that no adequate remedy exists at law, so as to deprive a federal court of equity jurisdiction, unless it is available in the federal courts; and that no such remedy is available to it here. It has been said in a variety of language that the yardstick by which a federal court should determine whether an adequate and complete remedy exists at law is its availability in the federal courts; that such a remedy does not bar the exertion of equity jurisdiction of a federal court unless it is available in the federal courts; and that a litigant cannot be deprived of the right to invoke the equity jurisdiction of a federal court merely because an adequate and complete remedy at law exists in the state courts. Smyth v. Ames, 169 U.S. 466, 18 S.Ct. 418, 42 L.Ed. 819; Chicago, B. & Q. R. R. Co. v. Osborne, 265 U.S. 14, 44 S.Ct. 431, 68 L.Ed. 878; Risty v. Chicago, R. I. & Pac. Ry. Co., 270 U.S. 378, 46 S.Ct. 236, 70 L.Ed. 641; Henrietta Mills v. Rutherford County, 281 U.S. 121, 50 S.Ct. 270, 74 L.Ed. 737; Di Giovanni v. Camden Ins. Ass'n, 296 U.S. 64, 56 S.Ct. 1, 80 L.Ed. 47; Petroleum Exploration, Inc., v. Public Service Commission, 304 U.S. 209, 58 S.Ct. 834, 82 L.Ed. 1294.

But in Atlas Life Insurance Company v. Southern, supra, the Supreme Court blueprinted the rules which must govern in a case of this kind. It said:

"Section 16 of the Judiciary Act of 1789, 1 Stat. 82, continued without material change as § 267 of the Judicial Code, 28 U.S.C. § 384, 28 U.S.C.A. § 384, declares that suits in equity shall not be sustained in the courts of the United States in any case where a 'plain, adequate and complete remedy may be had at law.' The command of § 267 is but a declaration of the equity rule established long before the enactment of the Judiciary Act, and it serves by emphasis of the rule to protect the states from the encroachments which would result from the exercise of equity powers by federal courts failing to observe it. Matthews v. Rodgers, supra, 284 U.S. [521], page 525, 52 S.Ct. [217], page 219, 76 L.Ed. 447; Stratton v. St. Louis Southwestern Ry. Co., 284 U.S. 530, 52 S.Ct. 222, 76 L.Ed. 465.

"By long-settled construction, the accepted test of legal adequacy which the section prescribes is the legal remedy which the federal, rather than state, courts afford. Smyth v. Ames, 169 U.S. 466, 18 S.Ct. 418, 42 L.Ed. 819; Risty v. Chicago Ry. Co., 270 U.S. 378, 388, 46 S.Ct. 236, 240, 70 L. Ed. 641; Di Giovanni v. Camden Fire Insurance Ass'n, 296 U.S. 64, 56 S.Ct. 1, 80 L. Ed. 47; Petroleum Exploration, Inc. v. Public Service Commission, 304 U.S. 209, 217, 58 S.Ct. 834, 838, 82 L.Ed. 1294. But although the adequacy of the legal remedy precludes resort to a federal court of equity, it does not follow that the converse is true—that the want of a legal remedy in the federal courts gives the suitor free entrance to a federal court of equity. Absence of legal remedy does not dispense with the necessity of alleging and proving a cause of action in equity as a prerequisite to equitable relief in a federal court. Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; Di Giovanni v. Camden Insurance Ass'n, supra; American Life Insurance Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268.

"The insurance company in the circumstances disclosed by the certificate is without remedy in a suit at law. The federal courts can render no judgment at law directing cancellation of a contract for fraud in its inception or preserving evidence of the fraud. These are forms of relief which a court of equity alone can give. But the basis of equitable relief is that the cancellation asked is necessary to protect the suitor from irreparable injury when there is manifest danger that his defense at law on the policy will be lost or prejudiced. Enelow v. New York Life Insurance Co., supra; Di Giovanni v. Camden Insurance Ass'n., supra; American Life Insurance Co. v. Stewart, supra.

"Ordinarily when the defense of fraud may be interposed to an action at law on

the policy and such an action is imminent or pending, there is no occasion for equitable relief and the parties will be left to their rights as determined in the suit at law. In such a case the bill is dismissed without prejudice, not because there is want of jurisdiction in the federal court, but because the plaintiff has made no case for equitable relief. Phoenix Mut. Life Insurance Co. v. Bailey, 13 Wall. 616, 20 L.Ed. 501; Cable v. United States Life Insurance Co., 191 U.S. 288, 24 S.Ct. 74, 48 L.Ed. 188; Enelow v. New York Life Insurance Co., supra; Di Giovanni v. Camden Insurance Ass'n., supra. And since the issue is not one of jurisdiction but of the need and propriety of equitable relief, the mere fact that the suit at law which is imminent can be brought only in the state court, or that it is pending there, is immaterial. Cable v. United States Life Insurance Co., supra; Di Giovanni v. Camden Insurance Ass'n., supra; cf. Phoenix Mut. Life Insurance Co. v. Bailey, supra. It is no ground for equitable relief that the suit at law is brought in a state rather than a federal court, for the insurance company's defense may be protected there as well as in a federal court, and ·in that case there is no threat of irreparable injury. See Cable v. United States Life Insurance Co., supra. On comparable grounds a federal court may withhold its aid when a plaintiff has failed to resort to a state administrative remedy. Natural Gas Pipeline Co. v. Slattery, 302 U.S. 300, 310, 311, 58 S.Ct. 199, 204, 82 L.Ed. 276. Only when special circumstances are shown which subject the insurer to the hazard that his defense to the suit at law, whether in the state or federal court, will be lost or prejudiced, is there occasion for equity to give relief."

The question for determination therefore is whether the bill met these requirements for the exertion of equity jurisdiction, whether it presented special circumstances which entitled the insurance company to relief in equity under the principles thus charted. It was not alleged in the bill that the death of a material witness was feared, or that material witnesses presently available were about to become scattered and their testimony lost, or that other prejudice of a cognate nature was imminent and would be suffered unless equitable relief be granted. There was no allegation of any injury or hazard of that kind. Neither was it alleged nor is it argued that due to local procedure or for other reason the insurance company was unable to interpose the issue of fraud and misrepresentation in defense to recovery in the action at law in the state court. It was alleged that the contestable period would expire on March 13, 1938, and that the insurance company was without any adequate remedy at law in that the defendant could wait until after that date to file any suit for recovery on the policies and the insurance company would then be precluded by the force of the incontestable provision from asserting its defenses of fraud and misrepresentation, and lack of sound health at the time of the delivery of the policies. That was the sole and single allegation of special circumstances calling for the exercise of equity jurisdiction to prevent loss of the right to assert negation of liability on the policies for fraud, and it was made in face of the fact that a suit at law had been filed and was then pending in a court of competent jurisdiction.

The interposition of equitable defenses to actions at law is expressly authorized by statute in Oklahoma, section 206, Oklahoma Statutes 1931, 12 Okl.St. Ann. § 272; and the right has been expressly sustained. Tyler Commercial College v. Stapleton, 33 Okl. 305, 125 P. 443, 42 L.R.A.,N.S., 162, Ann.Cas.1916E, 837; Herndon v. St. Louis & S. F. R. Co., 37 Okl. 256, 128 P. 727; Gross Const. Co. v. Hales, 37 Okl. 131, 129 P. 28. Furthermore, the fraud and misrepresentation set up in the bill here could have been pleaded in the suit at law as a cross-complaint for cancellation of the policies. Farmers' & Merchants' Nat. Bank v. Hoyt, 29 Okl. 772, 120 P. 264. The seasonable interposition of such a cross-complaint would protect the insurance company against the loss of its right to assert nonliability for such fraud by the dismissal of the action after the contestable period had expired.

Without more, it seems plain that at the time of the institution of this suit, the insurance company had an adequate and complete remedy at law in the state court; that the bill failed to allege special circumstances which entitled the insurance company to equitable relief; and that the court was warranted in withholding relief in equity. Atlas Life Insurance Company v. Southern, supra. Accordingly, the decree is affirmed.

On Petitions for Rehearing.

PER CURIAM.

The court dismissed the bill in each of these cases on the ground that at the time of the institution of the action the insurance company had an adequate remedy at law by pleading the fraud charged in the bill as a defense in the suit at law then pending in the state court to recover on the policy. We affirmed. 10 Cir., 105 F.2d 672. The appellee in each case has filed a motion in the suit in the state court for judgment by default on the ground that the defense of fraud was not pleaded within the contestable period of the policy. The motions are still pending. Disposition has not been made of the question which they present.

We are clear in the belief that at the time these actions were instituted, the insurance company had the right to plead the fraud as a defense in the state court. We express no opinion as to whether that right was subsequently lost by failure to interpose such defense within the permitted time. That is a question for the state courts. However, in view of the fact that the beneficiary in each case is contending that the insurance company cannot be heard upon that issue in the state courts, we think the decree in each of these cases should be modified to provide that the bill be dismissed but that the trial court retain jurisdiction of the cause without further proceedings until disposition has been made of the case pending in the state court.

The decrees are severally so modified, and as thus modified, they are affirmed.