## WALL v. CONNECTICUT MUT. LIFE INS. CO.

### No. 104.

District Court, S. D. Georgia, Augusta Division.

Dec. 23, 1941.

Randall Evans, Jr., of Thomson, Ga., for Luda M. Wall.

Bussey & Fulcher, of Augusta, Ga., for Connecticut Mut. Life Ins. Co.

LOVETT, District Judge.

Plaintiff filed her complaint against the defendant in the superior court of McDuffie county, Georgia, to recover $2,500. A policy of life insurance for that amount had been issued by the defendant payable to her as beneficiary on the death of the. insured, her husband. The defendant filed defensive pleadings in the state court, which included a prayer that the plaintiff be ordered to surrender and deliver up for cancellation ·the policy of life insurance sued upon, as it was not of force at the time of the death of ·the insured, which prayer and the allegations supporting it are now referred to as a "counterclaim". An amendment voluntarily offered to plaintiff's petition was allowed increasing the amount sued for to a sum in excess of $3,000, the additional amounts claimed being a statutory penalty and at-.torney's fees allowed by the laws of Geogia, where the refusal to pay is in bad faith. Georgia Code, § 56-706. Promptly thereafter the case was removed by the defendant to this court.

The case being at issue, a motion to require certain admissions was heard and a pre-trial conference was held with counsel for the parties on November 21, 1941 which, after considerable discussion, resulted in the entering of a stipulation which greatly limited the issues to be tried, the case finally resolving itself largely into a contest over (a) whether the policy had lapsed because of the nonpayment of premiums, (b) whether a partial payment of the premium and an agreement to extend the time for the payment of the balance resulted in continuing the insurance in force until the death of the insured, and (c), as a corollary, whether the alleged agents of the defendant who, it is said, made the agreement for the extension of time for the payment of the premium were authorized to bind the defendant through such an agreement and if the agreement violated the provisions of the policy of life insurance.

With the case in that shape, the defendant informally gave notice of its intention to make a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. At this stage of the proceedings plaintiff moves to dismiss the action without prejudice, and that is the only matter now before the court for determination.

It seems to me the motion should be denied. With complete candor the plaintiff through her counsel now admits that perhaps she made a tactical mistake in voluntarily amending her complaint in such a manner that the case, though not .theretofore removable from the state court to this court for lack of the required jurisdictional amount in controversy, became removable; and with equal frankness she says she is well known in the county where the proceedings in the state court were instituted and prefers to have her case reinstituted for the sum first sued for and tried there. It is added, as something in the nature of a make-weight, that the trial in the United States District Court will prove more expensive to her.

The commendable candor of counsel almost compels a favorable conclusion, but not quite. The right to dismiss under these circumstances is not an absolute one. By Rule 41(a) (2) of the Federal Rules of Civil Procedure an action shall not be dismissed

at the plaintiff's instance save upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by the defendant the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.

 It is clear that the counterclaim can not remain pending if the complaint is dismissed, unless it should be held that the counterclaim should be entertained as in the nature of an equitable bill for the cancellation of the policy; and to so hold would be contrary to the attitude of our courts in such matters where the issues may be settled by a simple suit at law pending or impending. See Atlas Life Insurance Co. v. W. I. Southern, Inc., 306 U.S. 563, 570, 59 S.Ct. 657, 83 L.Ed. 987; Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440; American Mills Co. v. American Surety Co., 260 U.S. 360, 363, 43 S.Ct. 149, 67 L.Ed. 306; Cable v. United States Life Ins. Co., 191 U.S. 288, 305, 24 S.Ct. 74, 48 L.Ed. 188; Insurance Co. v. Bailey, 13 Wall. 616, 623, 20 L.Ed. 501.

There is no reason to believe that a trial of the issues in the case can be obtained with greater promptitude or justice in the state court, and since McDuffie county and Richmond county, Georgia, the latter being the county in which this court sits to hear this case, adjoin each other, the difference between the expense of the trial in the one county or the other is not considerable. While the plaintiff might save a few dollars by a trial in her home county, the defendant with equal reason could say that a trial in Richmond county would be less expensive to it, since it appears that its counsel in this case reside there.

It is true a counterclaim generally may not be maintained solely for the purpose of preventng the plaintiff from dismissing the action. See Forstner Chain Corp. v. Gemex Company, D.C.N.J., 1 F.R.D. 115. But had there been no cross-complaint of any kind the case ought not to be now dismissed. It will not end the litigation for plaintiff to withdraw; she will merely seek another forum—the contest will go on—the arena merely changed. The urgent appeal to be allowed to dismiss her case because a strategical error was committed by plaintiff in amending her complaint will not do. Particularly, it will not do when much time has been consumed by the court and counsel in this case,

through pre-trial conferences, hearings on motions for admissions, etc., in the effort to delimit the issues where the case could be disposed of with a minimum of expense to the parties and with as little delay as possible under the circumstances. A cause of action should not be so lightly dealt with by the court.

The motion is denied.