## ÆTNA INS. CO. et al. v. CARONDELET BREWING CO.

### No. 2008.

District Court, E. D. Missouri, E. D.

Aug. 12, 1943.

Franklin E. Reagan, of St. Louis, Mo., for plaintiff.

Cobbs, Logan, Roos & Armstrong, of St. Louis, Mo., for defendant.

COLLET, District Judge.

Plaintiffs seek the cancellation of certain insurance policies each of which were issued by different insurance companies (plaintiffs herein), indemnifying defendant against several types of losses. It appears that defendant has suffered certain losses for the recovery of which separate causes of action have already accrued, if, as defendant asserts and plaintiffs deny, liability in fact exists under the policies. In addition to the prayer for cancellation of the

policies plaintiffs pray that an injunction be issued restraining defendant from instituting "any other action in any other court" upon the policies involved and requiring the defendant to set up its claims under the policies in this action. The generality of the language quoted is superfluous. The obvious object is to restrain the enforcement of defendant's separate claims against each of the plaintiff insurance companies in the State Courts. The right to equitable relief is predicated upon the possibility of several separate actions. The defendant interposed a motion seeking to require plaintiffs to state the amount involved in their several disputes with defendant, one of the stated purposes of the motion being to bring into the open the fact that the jurisdictional amount was not in dispute between each plaintiff and the defendant. That motion was overruled. The cause was then re-assigned and is now pending here upon defendant's motion to dismiss predicated upon several grounds, viz.:

1. A misjoinder of parties plaintiff.

2. That the allegation "the amount involved and in controversy exceeds, exclusive of interest and costs, the sum of Three Thousand ($3,000) dollars" states only a legal conclusion and without further allegation of facts indicating some basis for that conclusion, does not sufficiently state facts from which jurisdiction may be found to exist.

3. That this Court has no jurisdiction to issue an injunction restraining defendant from instituting suits in the State Courts upon the policies.

4. That plaintiffs have an adequate remedy at law by the interposition in the actions on the policies of the grounds asserted here as the basis for the cancellation of the policies.

5. To grant plaintiffs the relief prayed for in this action would deprive defendant of its constitutional rights to a trial by jury.

Other related grounds are set forth in the motion, but the foregoing will suffice to indicate the material aspects of the situation presented by the motion.

■ 1. Misjoinder of parties plaintiff is not a ground for dismissal.

2. The second assignment has previously been passed upon in another division of this Court and need not be considered further at this time.

■■ 3. Even if jurisdiction existed to enjoin defendant from proceeding in the State Court (see Southern R. Co. v. Painter, 314 U.S. 155, 62 S.Ct. 154, 86 L.Ed. 116, and Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222), this Court "exercising a scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary * * *" will stay its hand in the absence of a showing that the State Courts cannot furnish full protection. Railroad Comm. v. Pullman Co. , 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Atlas Life Ins. Co. v. W. I. Southern, 306 U.S. 563, 59 S. Ct. 657, 83 L.Ed. 987. The stay must, however, be reasonable. Landis v. North American Co., 299 U.S. 248, 257, 57 S.Ct. 163, 81 L.Ed. 153. Compare Central Security v. Norris, 5 Cir., 103 F.2d 116; Maryland Casualty Co. v. Consumer's Finance Service, 3 Cir., 101 F.2d 514; Ætna v. Yeatts, 4 Cir., 99 F.2d 665.

■ 4. The adequate remedy at law necessary to defeat federal equity jurisdiction must be an adequate remedy at law in the Federal Courts. But equitable jurisdiction will be exercised only under proper circumstances. Railroad Comm. v. Pullman Co., supra, Atlas Ins. Co. v. Southern, supra. "Equity will not compel the cancellation and surrender of an insurance policy procured by fraud where the loss has occurred and a suit at law to recover the amount of the loss is pending or threatened." Di Giovanni v. Camden Ins. Ass'n, 296 U.S. 64, loc.cit. 68, 56 S.Ct. 1, loc. cit. 31, 80 L.Ed. 47. "The guiding principle is that the federal court should proceed only so far as is necessary to protect the suitor from loss of his defense at law, without needlessly interfering with the determination of the plaintiff's rights in the state court, where his action was properly begun. See Di Giovanni v. Camden [Fire] Insurance Ass'n, supra, 296 U.S. 73, 56 S.Ct. [1], page 5, 80 L.Ed. 47, and cases cited." Atlas Ins. Co. v. Southern, Inc., supra [306 U.S. 563, 59 S.Ct. 662, 83 L.Ed. 987].

■ Under the rules of comity stated in the authorities cited, the motion to dismiss will not be determined at this time and the further disposition of this cause will be deferred a reasonable time pending the expeditious determination of the actions at law in the State or Federal Courts.