CHICAGO FURNITURE FORWARDING CO. v. BOWLES, Price Administrator.

No. 9214.

Circuit Court of Appeals, Seventh Circuit.

May 19, 1947.

Robert L. Elliott, Jr., and Gardner, Morrow, Fowler & Merrick, all of Chicago,

412

Ill. (John F. Manierre, of Chicago, Ill., of counsel), for appellant.

David London and Samuel Mermin, both of Washington, D.C., Jacob Cohen, of Chicago, Ill., William E. Remy, Albert M. Dreyer, and Albert J. Rosenthal, all of Washington, D. C., and Randal J. Elmer, of Chicago, Ill., for appellee.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff, claiming to be a public utility, on June 26, 1945, filed suit for a declaratory judgment against the Administrator of the Office of Price Administration and the District Enforcement Attorney of the Office, wherein it sought an adjudication declaring "that plaintiff is a common carrier" exempt from the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 901 et seq., and, in the alternative, if the court should find that it is not exempt, that plaintiff's maximum price under the applicable regulation was 53 cents per hundred weight, which is higher than the rate it was actually charging. It averred that defendants were threatening an enforcement action for damages for overcharges and prayed an injunction against any and all such actions.

On July 10, 1945 the Administrator filed suit for treble damages, charging plaintiff with sales prices for its services exceeding those established by Price Regulation 165. Plaintiff answered denying that it is subject to price control and averring in the alternative, that its prices are less than the maximum prices fixed by the regulation.

Following this, on plaintiff's motion, on February 6, 1946, the two causes were consolidated and, still later, on June 10, 1946, the court entered an order dismissing the suit for a declaratory judgment. The court felt impelled to take this action, it said, because the defenses offered to the suit for damages were identical with the averments upon which plaintiff relied in its suit for declaratory relief, saying specifically that plaintiff's rights "have all been preserved" in the second suit and "will in no way be prejudiced by the dismissal" of its suit for a declaratory judgment. It added that it was of the opinion that, since all matters

"in controversy between the parties can be determined" in the suit for damages, plaintiff's original suit should be dismissed. From that order plaintiff appeals, contending that the court erred in dismissing its suit and in making the findings above mentioned.

It is well settled that District Courts are endowed with discretion to determine whether the circumstances are such that they may well decline to entertain suits for declaratory relief. Thus, in Piedmont Fire Ins. Co. v. Aaron, 4 Cir., 138 F.2d 732, 734, the court said: "The granting of declaratory relief, however, is a matter resting in the sound discretion of the court; and the discretion is properly exercised by dismissing the suit when it is apparent that it will serve no useful purpose." This is in line with the announcement of the Supreme Court in Brillhart v. Excess Ins. Co., 316 U.S. 491, at page 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620: "Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28 U.S.C. A. § 400, it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court." This court in American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613, 618, quoted with approval from Borchard on Declaratory Judgments as follows: " * * * where the defendant's action is about to begin or has begun, it serves no sensible end to permit a plaintiff to appear as equitable actor and start the proceedings for an autonomous declaration that he has a good defense to his opponent's pending or imminent action." In Atlas Life Ins. Co. v. W. I. Southern, Inc., 306 U.S. 563, 59 S.Ct. 657, 661, 83 L.Ed. 987, the court said: "Ordinarily when the defense of fraud may be interposed to an action at law on the policy and such an action is imminent or pending, there is no occasion for equitable relief and the parties will be left to their rights as determined in the suit at law."

In view of these authorities we think the District Court committed no error. In its suit plaintiff claimed it was exempt from price control and, alternatively, that it had not violated the prescribed ceilings. In the Administrator's suit, it defended the

demand for damages on exactly the same grounds. Thus the issues raised by the pleadings in each case were precisely the same. It may well be that the court, in the exercise of its discretion, might have permitted plaintiff's complaint to stand as a cross-claim in the Administrator's suit. But just as certainly the action taken prejudiced no one. We think this situation reflects no justification for a declaration that the court abused its discretion, for plaintiff had preserved for determination every right it sought to protect in its suit.

The court's action seems particularly appropriate because of the circumstances involved here. Price control of such services as plaintiff's has terminated; suits for damages, other than the one already instituted, are barred by the statute of limitations. The Administrator is without power to institute any such suits in the future. Except for the pending suit, all questions as to plaintiff's claimed exemption and as to whether it has violated ceiling prices are at an end, entirely moot. Those issues are existent only in the pending suit and, as to them, plaintiff is at liberty to present all legitimate defenses including all those relied on in its claim for declaratory relief. Consequently, inasmuch as courts do not concern themselves with abstract questions, no recognized legal purpose could have been served by the retention of plaintiff's suit, all the issues in which are moot, except as they apply as defenses to the suit of the Administrator.

Plaintiff insists that in other cases where the court has declined to take jurisdiction of claims for declaratory relief because of a pending case in which the same relief could be had, the latter had been filed before the declaratory judgment action. We think the respective dates of filing do not necessarily furnish the test. The question is, rather, whether the circumstances at the time of the determination are such as make the further prosecution of the suit for declaratory relief useless.

Other questions as to venue and the propriety of plaintiff's action under any circumstances have been argued, but, in view of our conclusions, it is not necessary that we discuss them.

The judgment is affirmed.