**Benjamin D. SLAPIN and Sadie Slapin Speizer, Plaintiffs-Appellants,**

**v.**

**Aaron E. SLAPIN, Defendant-Appellee.**

**No. 16102.**

United States Court of Appeals
Sixth Circuit.

Oct. 22, 1965.

Thomas A. Conroy, Cincinnati, Ohio, for appellants.

Joseph A. Brant, Cincinnati, Ohio, for appellee.

Before WEICK, Chief Judge, EDWARDS, Circuit Judge, and MATHES, Senior District Judge.*

PER CURIAM.

This appeal is from a judgment dismissing an action commenced in the District Court by a brother and sister to recover from another brother his alleged proportionate share of the cost of providing care, maintenance and support for their indigent, infirm mother.

Federal jurisdiction of this case is asserted because of diversity of citizenship. Plaintiffs are citizens of New Jersey and defendant is a citizen of the state of Ohio. The sum involved is over $10,000.

Plaintiff-appellants claim their cause of action finds support in Ohio statutes and case law and that the action is one of quasi-contract. The complaint

---

* William C. Mathes, Senior District Judge of the Southern District of California, sitting by designation.

alleges, *inter alia*, that the cost of the mother's care over the past 20 years aggregates in excess of $60,000. The relief sought is for judgment for a sum certain —$20,000—alleged to be defendant's share of the amount expended for the care of their mother.

Upon motion of the defendant brother, the learned District Judge, in a well-reasoned opinion, dismissed the action on the merits for failure to state a claim upon which any relief could be granted under Ohio law [Fed.Rev.Civ.P. 12(b)(6)], holding that "there is no civil liability in Ohio for failure to support one's destitute parents."

This appears to be a correct statement of the law of Ohio.

The judgment of dismissal is affirmed.

MATHES, Senior District Judge (dissenting):

With all deference, I feel compelled to dissent. Jurisdiction is of course the threshold question in every case in the Federal courts. As has been said many times:

"This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." [Mansfield, C. & L. M. Railway Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884).]

The sovereign power of the United States is not exerted, under the Supremacy Clause or otherwise, to compel the Federal courts to act as *parens patriae* in matters of domestic relations involving parent and child. [See: In re Burrus, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); Carqueville v. Woodruff, 153 F.2d 1011 (6th Cir. 1946).] This is in part because of considerations of comity, and in part because the relief sought and the considerations involved are equitable in nature.

The equity jurisdiction of the District Courts, and of their predecessor circuit courts, as it has existed since conferred by § 11 of the Judiciary Act of 1789 [1 Stat. 78], has never been held to exceed in scope that which the High Court of Chancery in England possessed at that time [Atlas Life Ins. Co. v. W. I. Southern, Inc., 306 U.S. 563, 568, 59 S.Ct. 657, 83 L.Ed. 987 (1939); Mississippi Mills v. Cohn, 150 U.S. 202, 205, 14 S.Ct. 75, 37 L.Ed. 1052 (1893); Payne v. Hook, 74 U.S. (7 Wall.) 425, 430, 19 L.Ed. 260 (1868); State of Pennsylvania v. Wheeling & Belmont Bridge Co., 59 U.S. (18 How.) 460, 15 L.Ed. 497 (1855)].

As the Court explained in Atlas Life Ins. Co. v. W. I. Southern, Inc., supra:

"The 'jurisdiction' thus conferred on the federal courts to entertain suits in equity is an authority to administer in equity suits the principles of the system of judicial remedies which had been devised and was being administered by the English Court of Chancery at the time of the separation of the two countries." [306 U.S. at 568, 59 S.Ct. at 659.]

This is why Federal courts of equity have always eschewed jurisdiction of divorce matters [Barber v. Barber, 62 U.S. (21 How.) 582, 584, 16 L.Ed. 226 (1858); cf. State of Ohio ex rel. Popovici v. Agler, 280 U.S. 379, 383, 50 S.Ct. 154, 74 L.Ed. 489 (1930)]; and of determinations as to child custody [cf. Barry v. Mercein, 46 U.S. (5 How.) 103, 119–120, 12 L.Ed. 70 (1847)]; and of the probate of wills and the administration of estates [Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946); Gaines v. Chew, 43 U.S. (2 How.) 619, 645, 11 L.Ed. 402 (1844)], including the enforcement of charitable bequests [Fontain v. Ravenel, 58 U.S. (17 How.) 369, 392–393, 15 L.Ed. 80 (1855); see also Jackson v. United States National Bank, Portland, Ore., 153 F.Supp. 104 (D.C.Or.1957)].

This principle of Federalism and comity has been reaffirmed in cases specifically involving the care and support of a putative child [Albanese v. Richter, 161 F.2d 688 (3rd Cir. 1947)], and monies expended for a child's necessities [Bercovitch v. Tanburn, 103 F.Supp. 62 (S.D. N.Y.1952)]. Although some Federal courts have, under similar circumstances,

assumed without discussion to approve the exercise of Federal jurisdiction in these matters [see: Daily v. Parker, 152 F.2d 174, 162 A.L.R. 819 (7th Cir. 1945), and Hopson v. Hopson, 95 U.S.App.D.C. 285, 221 F.2d 839 (1955)], I am convinced that the essentially equitable nature of the relief sought in the case at bar dictates that the proper disposition is to eschew any Federal jurisdiction in an action such as the domestic controversy involved here.

Accordingly, without reaching the question whether an actionable claim is asserted under Ohio law [cf. Slapin v. Slapin, 233 F.Supp. 716, 718 (S.D.Ohio 1964)], I would vacate the judgment dismissing the action on the merits, and remand the case with directions that it be dismissed for lack of Federal jurisdiction over the subject matter [see Fed.R.Civ.P. 12(h)].