**Geraldine DeFOE**
**and**
**Eva P. DeFoe, Plaintiffs,**

**v.**

**Henry FLORANCE t/a Florance Realty Co., Inc.**
**and**
**John Albrittain t/a G. D. E. Corp., Defendants.**

**Civ. A. No. 4993–A.**

United States District Court
E. D. Virginia,
Alexandria Division.

Sept. 10, 1969.

Geraldine DeFoe, pro se, for plaintiffs.

Harry P. Friedlander, Arlington, Va., for defendants.

## MEMORANDUM ORDER

KELLAM, District Judge.

Plaintiffs instituted this action in the Circuit Court of Arlington County, Virginia. Plaintiffs are residents of Washington, D. C., and defendants are residents of Virginia. Within the time allowed by statute, defendants filed petition in this Court for a removal. Plaintiffs moved to remand.

Geraldine DeFoe appeared for herself and for Eva P. Defoe, and defendants through their counsel, Harry P. Friedlander, on September 9, 1969, to present

argument on the motion to remand. Plaintiffs contended the Circuit Court of Arlington County was a court of competent jurisdiction and the case should be tried there. Neither party presented any authorities or even the statute. On the basis of the argument made, the Court advised the parties the motion would be denied. Subsequent thereto, upon review of the statute the Court on its own motion determined the removal was improper.

Jurisdiction of the subject matter cannot be conferred upon a federal court by waiver, or by consent of the parties, or through their oversight or inaction. Teeter v. Iowa-Illinois Gas & Electric Company, 237 F.Supp 961 (D.C.Iowa 1964). The Court on its own motion must determine the existence of federal jurisdiction in a removed case and, in the absence of jurisdiction, remand the case to the state court. Arcady Farms Milling Co. v. Northcutt, 87 F.Supp. 373 (D.C. S.C.1949); Teeter v. Iowa-Illinois Gas & Electric Company, supra; 1 Barron & Holtzoff, Federal Practice and Procedure, ¶ 109.

Title 28 U.S.C. § 1441(b) provides for the removal of civil actions to the district court having original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States, regardless of the citizenship or residence. The last sentence of that paragraph provides:

Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This section has been construed numerous times. Where an out-of-state resident (citizen) institutes an action in a state against a resident of the state in which the action is instituted, the defendant may not remove the case from the state court to the district court unless the claim or right arises under the Constitution, treaties or laws of the United States. Here plaintiffs, residents of Washington, D. C., instituted this action against the defendants, residents of Virginia. While plaintiffs had the choice of instituting the action either in the state or federal court, defendant may not remove the same.

In Atlas Life Insurance Co. v. Southern, Inc., 306 U.S. 563, 59 S.Ct. 657, 83 L.Ed. 987, Southern, a Delaware corporation, instituted action against Atlas, an Oklahoma insurance company, in the Oklahoma state court. Atlas sought to remove the same to the federal court. At page 567, 59 S.Ct. at page 659, of that opinion, in construing the statute formerly 28 U.S.C. 71 [now 28 U.S.C. 1441(b)], the court said:

The action on the policies in the state court is not removable by the insurance company, since it is not a nonresident of Oklahoma within the meaning of § 28 of the Judicial Code, 28 U.S.C. § 71, 28 U.S.C.A. § 71.

The following authorities support that position: Charles Dowd Box Company, Inc. v. Fireman's Fund Insurance Company, 303 F.2d 57, 59 (1st Cir. 1962); Arcady Farms Milling Co. v. Northcutt, supra; Columbia Pictures Corporation v. Towne Theatre Corp., 282 F.Supp. 467 (D.C.Wisc.1968); Clairol Incorporated v. Suburban Cosmetics and Beauty Supply, Inc., 278 F.Supp. 859 (D.C.Ill.1968); Teeter v. Iowa-Illinois Gas & Electric Company, supra; T. C. Morrow Drilling Company v. Javelin Oil Company, Inc., 266 F.Supp. 119 (D.C.La.1967); Wood v. Midwest Trucking Company, 221 F.Supp. 358 (D.C.Mo.1963); 1A Moore's Federal Practice, ¶ 0.161[1], page 521; Wright on Federal Courts, § 38, pages 113–114.

Hence the case is remanded to the Circuit Court of Arlington County, Virginia, for further proceedings.