## WEBSTER v DENMAN

Ohio Appeals, 8th Dist, Cuyahoga Co.
No 11222. Decided Feb 23, 1931

Wm. J. Davis, Cleveland, for Webster.
Paul M. Joslyn, Cleveland, for Denman.

HORNBECK, PJ and KUNKLE, J (2nd Dist) and FARR, J (7th Dist) sitting.

KUNKLE, J.

Counsel for plaintiff in error has furnished the court with a brief setting forth his reasons for claiming that the petition does state a cause of action. The defendant in error was not represented upon the hearing of the case in this court.

We have considered the authorities which have been submitted to us and in addition have made some additional investigation of the question presented.

It will be noted that the petition does not claim any contractual relations as between plaintiff and the defendant for the renting of the rooms in question. The plaintiff in error's cause of action is based solely upon the ground that a child is obliged to support the parent when the parent is aged, infirm and unable to provide their own support.

Our attention is called by counsel for plaintiff in error to the statute, namely,

12,429 GC, which makes it an offense punishable by fine and imprisonment for an adult resident of the State, possessed of or able to earn means sufficient to provide food, shelter, care and clothing for his or her parent, who is destitute of the means of subsistence and unable by reason of old age, infirmity or illness to support himself. This statute imposes a criminal liability. No civil liability is even suggested in the section of the statute above mentioned. Counsel for plaintiff in error concedes that there is no statute in Ohio creating such a civil liability. It is suggested that the moral liability of a child to support his parent is such as to warrant a court in granting relief by means of a civil action.

A general discussion of the liability of a child for the support of the parent is found in 51 Ohio Law Bulletin at page 124, where the following rule is announced, viz:

> "There is no civil liability in this state for the failure of a child to provide subsistence for his parent, who by reason of old age, infirmity or illness is unable to support himself; and a civil action brought under and by reason of revised statutes 7017-3' will be dismissed."

In some states a civil liability for the support of the parent by the child has been created by statute.

We find a very interesting discussion of this general subject in a case reported in the 149 Cal. Reports at page 140. The first paragraph of the syllabus is as follows:

> "Under common law there was no legal obligation on the part of the child to support a parent; such obligation depends entirely upon statute and the provisions provided by statute for the enforcement of the obligation must be pursued."

In the 4th L. R. A. (N. S.) page 1159 the footnote states the rule as follows:

> "The liability of a child, if of sufficient ability, to support his parents who are infirm, destitute, or aged, is wholly the creation of statute and therefore the statutory remedy is the only one to be resorted to by a destitute parent in case a child neglects to furnish support."

From a consideration of the authorities obtainable, we cannot escape the conclusion but that the petition fails to state a cause of action and that the demurrer was properly sustained.

Hornbeck, PJ and Farr, J, concur.