**GARDNER, Plaintiff, v. HINES, Defendant.**

Common Pleas, Tuscarawas County.

No. 27628. Decided June 27, 1946.

Paul F. Reed, Uhrichsville, for plaintiff.
Arthur B. Cunningham, New Philadelphia, for defendant.

No appeal taken.

. **OPINION**

By LAMNECK, J.

This is an action in which the plaintiff seeks to recover the sum of $242.00 from the defendant for the care and maintenance of Alma Hines, the mother of the defendant. The plaintiff is a son-in-law of the said Alma Hines and supported her for 114 days between September 9, 1945 and January 21, 1946.

The parties waived a trial by jury and the issue was submitted to the court without the intervention of a jury.

It appears from the evidence that sometime in 1939 the defendant and the said Alma Hines entered into a written contract, which is not now in existence but which is unrevoked, whereby the defendant agreed to furnish support and medical care for the said Alma Hines during the remainder of her natural life in consideration of the said Alma Hines conveying to the defendant her interest in 53 3/4 acres of land. The said Alma Hines came to the plaintiff's home on September 9, 1945, and on September 13, 1945, he notified the defendant to come and get his mother. She returned to the defendant's home the end of September, 1945, and remained two weeks. She then came back to the plaintiff's home and remained there until January 21, 1946.

Under the common law there was no legal obligation on the part of a child to support his parent. The civil liability of a child who has sufficient ability to support an infirm, destitute, or aged parent depends upon the existence of a statute, or upon contract. While §12429 GC, provides a criminal liability for the failure of a child to support an indigent parent, there is no statute in Ohio creating a civil liability. In **Webster v Denman, 9 Abs 460,** the Court held in the syllabus that "there is no civil liability on children to support their parent when the parents are aged, infirm and unable to provide their

own support." To the same effect is the case of **Parker v Swarts, 4 O L R 23; and 30 O. Jur. page 630, Sec. 67 and 68, and 46 C. J. page 1279.**

There is no allegation in the petition, or was evidence offered to prove that the defendant requested the plaintiff to render the services for which he asks compensation, or in any way agreed to pay for the same.

Since there is no express contract between the parties to this action, and no statute creating a civil liability, can the plaintiff recover under the contract entered into by the defendant and his mother?

A contract between a parent and a child whereby the latter agrees to support the parent, if founded upon a sufficient consideration such as the conveyance of real estate, is valid and enforceable. A contract entered into between the children of a parent in which they agree to pay to the one with whom the parent lives, is likewise valid and enforceable. 46 C. J., page 1280, Sec. 76 and 77.

But who can enforce such contracts? At common law an action on a contract, either express or implied, had to be brought in the name of the party in whom the legal interest in such contract was vested. By statute an action must be brought in the names of the real parties in interest, the real party in interest being the person legally entitled to the proceeds of the claim in litigation. The obligation and duty arising out of a contract are due only to those with whom it is made. If the rule were otherwise and no privity of contract were required to such an action for a breach, there would be no limit to the liability which might be incurred by a contracting party. It would extend so as to give a right of action to all persons, however remote from any connection with the original parties to a contract, or however numerous they might be, who happened to sustain a loss or suffer an injury attributable to a breach of the stipulations into which a contracting party had entered. 17 C. J. S. page 1112, Sec. 518 and 518 b.

Under this theory it was held in Milton v Story, 11 Vt. 101, 34 Am. D. 671, that where a person contracted to support another, and then refused to fulfill his agreement, a governmental unit which was required to support such other person had no right of action against the person who refused to fulfill his contract.

It is a general proposition of law that where one voluntarily and without request does that which he is not compellable to do, for another who is compellable to do it, such person cannot recover therefor.

In this case the plaintiff was not required by law or contract to furnish the services rendered. **Bechtol v Ewing, 89 Oh St 53, 105 N. E. 72.** Neither was any evidence offered that the defendant has requested the services to be rendered. As the defendant would not be liable without requesting such services, the Court finds the issues joined, in this case in favor of the defendant.