Benjamin D. SLAPIN and Sadie Slapin Speizer, Plaintiffs,

v.

Aaron E. SLAPIN, Defendant.

Civ. A. No. 5506.

United States District Court
S. D. Ohio, W. D.
July 9, 1964.

Thomas A. Conroy, Cincinnati, Ohio, for plaintiffs.

Joseph A. Brant, Cincinnati, Ohio, for defendant.

JOHN W. PECK, District Judge.

The complaint alleges that the aged and infirm mother of the three parties has been supported for the past 20 years by the two plaintiffs and that, despite demands, the defendant has refused to contribute toward the mother's support. This action seeks $20,000, one-third of the total amount allegedly expended by the plaintiffs on the mother for the past two decades.

The defendant has moved to dismiss the complaint under 12(b)(6), F.R.Civ. P., on the ground that it fails to state a claim since there is no civil liability in Ohio for failure to support one's parents.

The parties agree that Ohio law governs our decision even though the plaintiffs and the mother are residents of another state. Pennsylvania v. Mong, 160 Ohio St. 455, 117 N.E.2d 32 (1954).

■ It appears to be the law in Ohio (as elsewhere) that in the absence of a contract or statute, an adult child is not obligated to support his or her needy parents, the duty being unknown at common law. Gardner v. Hines, 68 N.E.2d 397 (Com.Pl. Tuscarawas Co. 1946). See also 67 C.J.S. Parent and Child §§ 24–25.

In the case at bar, there is no allegation of a contract, and therefore the plaintiffs have stated a claim only if civil liability is imposed by virtue of a statute. The statute relied on by the plaintiffs, however, is criminal in nature. O.R.C. 2901.40 states in part:

"No adult possessed of or able to earn means sufficient to provide food, shelter, care, and clothing for his parent, who is destitute of means of subsistence and unable either by reason of old age, infirmity, or illness to support himself, shall neglect or refuse to supply such parent with necessary shelter, food, care, and clothing." (The statute then provides a fine, imprisonment or both for violation.)

The following section, 2901.41, provides for withholding sentence if a person committed under 2901.40 posts a bond "conditioned that he *will* furnish" the necessities to his destitute parent. (Emphasis supplied to indicate future compliance is contemplated.) Certain persons are then excepted from the operation of these statutes by 2901.42 but this provision has no present application in this case.

■ The real issue here is whether the existence of the criminal statute quoted above (2901.40) contains an implied civil liability counterpart so that a child who complies with the statute has a civil right for contribution against a child who fails to assist.

Although the state of the law in Ohio is not without difficulty, a ruling unfavorable to the plaintiffs is supported in varying degrees of pursuasiveness by the following cases: James v. James, Hosea 90 (Sup.Ct. Cincinnati 1905), which involved a mother and son; Webster v. Denman, 9 Ohio Law Abst. 460 (App.Ct. Cuyahoga Co. 1931); Parker v. Swarts, 4 O.L.R. 23 (Cir.Ct. Knox Co. 1906); Gardner v. Hines, 68 N.E.2d 397 (Com.Pl. Tuscarawas Co. 1946); Miles v. Wolfe, Ohio Mun., 155 N.E.2d 287 (Mun.Ct. Findlay, O.1956); see also, 41 O.Jur.2d, Parent and Child, 645. The fact that most of these cases involved suits against an adult-child by a stranger who furnished the necessities to the parent is only a distinction without a difference. While recognizing that the sword is double edged, the observation is offered that perhaps a stranger, who is under no legal obligation to assist, has a stronger claim to recovery than an adult-child who seeks contribution from a sibling but who himself was under moral compulsion to furnish the necessities in the first place.

That the law as indicated above is proper appears aptly demonstrated by the present case wherein twenty years ago when support for the mother was first provided, the plaintiffs could have

proceeded to (a) either contract with the defendant for the support of their mother or (b) caused the defendant to comply with O.R.C. 2901.40. The plaintiffs chose neither alternative but furnished the necessities and now seek the judgment for $20,000 against the defendant. Absent clear authority imposing such civil liability, this Court should dismiss the complaint. The plaintiffs have been unable to furnish such authorities. Plaintiffs' alternate theory of dutiful intervention is without application to the present facts as evidenced by the cases cited above. Chapter 5121 of the Ohio Revised Code establishes statutory liability against an adult-child in favor of the state for an indigent parent in a benevolent institution, and is not here controlling.

In accordance with the foregoing, it is here determined that there is no civil liability in Ohio for failure to support one's destitute parents and the motion to dismiss the complaint will be sustained.